UNITED STATES of America, Plaintiff-Appellee,

v.

Roseva J. HENDERSON, Defendant-Appellant.

No. 72–1101.

United States Court of Appeals, Seventh Circuit.

Argued Oct. 27, 1972.

Decided Dec. 20, 1972.

Federal Land Banks, in violation of 18 U.S.C.A. § 656,[1] and had caused the stolen bond to be transported in interstate commerce, in violation of 18 U.S.C.A. § 2314.[2] Following a jury trial she was convicted on both counts and sentenced to imprisonment for a period of five years on the embezzlement count and for a period of ten years on the transportation count, the sentences to run concurrently. She was committed, pursuant to 18 U.S.C.A. § 4208(b), for a study and recommendation by the Bureau of Prisons. Defendant assigns at least 22 separate rulings of the trial court as error. Although we have thoroughly examined and considered all of defendant's contentions, only a few of the manifold assignments merit discussion. None of them, taken singly or together, merits reversal, and we affirm the convictions.

■ Defendant submits the trial court should have dismissed the indictment as vague, indefinite and duplicitous. We are satisfied the indictment sufficiently apprised defendant of the nature of the offenses with which she was charged and makes an adequate record so that, if necessary, she can plead these convictions in bar of future prosecutions for the same offenses. We have frequently said that these are the criteria by which an indictment is to be tested. Collins v. Markley, 7 Cir., 346 F.2d 230, 232 (1965) (en banc), cert. denied, 382 U.S. 946, 86 S.Ct. 408, 15 L. Ed.2d 355; United States v. Rook, 7

James H. Voyles, Indianapolis, Ind., for defendant-appellant.

Stanley B. Miller, U. S. Atty., Jeffery L. Lantz, Asst. U. S. Atty., Indianapolis, Ind., for plaintiff-appellee.

Before HASTINGS, Senior Circuit Judge, and FAIRCHILD and PELL, Circuit Judges.

HASTINGS, Senior Circuit Judge.

A grand jury in the Southern District of Indiana charged that defendant Roseva J. Henderson, while employed in an Indianapolis bank, had embezzled a $100,000 bond issued by The Twelve

1. Section 656 provides, in pertinent part: "Whoever, being an * * * employee of, or connected in any capacity with any * * * national bank * * * embezzles, abstracts, purloins or willfully misapplies any of the moneys, funds or credits of such bank * * * shall be fined not more than $5,000 or imprisoned not more than five years, or both * * *."

2. Section 2314 provides, in pertinent part: "Whoever transports in interstate . . . commerce any goods, wares, merchandise, securities or money, of the value of $5,000 or more, knowing the same to have been stolen, converted or taken by fraud; or

"Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transports or causes to be transported, or induces any person to travel in * * * interstate commerce in the execution or concealment of a scheme or artifice to defraud that person of money or property having a value of $5,000 or more * * *

"Shall be fined not more than $10,000 or imprisoned not more than ten years, or both. * * *"

Cir., 424 F.2d 403, 405 (1970), cert. denied, 398 U.S. 966, 90 S.Ct. 2180, 26 L. Ed.2d 550; United States v. Strauss, 7 Cir., 452 F.2d 375, 379 (1971), cert. denied, 405 U.S. 989, 92 S.Ct. 1252, 31 L. Ed.2d 455 (1972).

■ Error is likewise assigned in the trial court's refusal to sever defendant's trial from that of her codefendant father.[3] She contends that the joinder prevented her from calling her father as a witness at the trial. The mere "unsupported possibility that such testimony might be forthcoming"[4] is not a sufficient showing of the prejudice necessary to override the trial court's discretion under Rule 14 of the Federal Rules of Criminal Procedure, Title 18, U.S.C. A. Furthermore, as former Chief Judge Castle pointed out, "separate trials would not have enabled [defendant] to force these other criminal defendants to testify, since the Fifth Amendment privilege against self-incrimination would still apply to them." United States v. Hutul, 7 Cir., 416 F.2d 607, 620 n.30 (1969), cert. denied, 396 U.S. 1012, 90 S.Ct. 573, 24 L.Ed.2d 504 (1970).

■ Several objections are made to the admission in evidence under the Federal Business Records Act, 28 U.S. C.A. § 1732, of various exhibits. The Government's purpose in introducing the exhibits was to demonstrate, by records from a number of sources, that a bond of the type described in the indictment traveled in regular commercial channels from the First National City Bank in New York City to the American Fletch-er National Bank in Indianapolis (defendant's former employer) and from the Indiana National Bank in Indianapolis to the First National Bank of Chicago. In every case the Government produced either the maker of the exhibit, the maker's supervisor or the record keeper of the business. Each witness testified that the particular exhibit was made in the regular course of business and that it was in the regular course of business to make such a record. It was a fair inference from the testimony of these witnesses that each exhibit was made soon after the transaction in question. Similar testimony was adduced as to any handwriting or "stray markings" on the exhibits. In each case in which a particular witness was unable to account in this way for any mark on an exhibit, the trial court diligently insisted that the unidentified marks be masked, that the exhibit be photocopied and that only the expurgated photocopy be shown to the jury. In so doing, the trial court applied the Business Records Act correctly. Considering the abuse sought to be corrected by the passage of the Act in 1936,[5] we are not inclined to give a narrow reading at a time when computers have made it more difficult than ever before to identify entries on business records by the testimony of the "bookkeepers" who put them there.

Defendant's principal argument is that the trial court should have granted her motions to acquit after the Government had presented its case-in-chief and after the introduction of all the evidence. In particular, she argues that

---

3. Defendant's father, Arthur W. Hughes, was indicted with her on the transportation count. He was acquitted by the jury.

4. United States v. Kahn, 7 Cir., 381 F.2d 824, 841 (1967), cert. denied, 389 U.S. 1015, 88 S.Ct. 591, 19 L.Ed.2d 661.

5. "The old common-law rule requires that every book entry be identified by the person making it. This is exceedingly difficult, if not impossible, in the case of an institution employing a large bookkeeping staff, particularly when the entries are made by machine. In a recent criminal case the Government was prevented from making out a prima-facie case by a ruling that entries in the books of a bank, made in the regular course of business, were not admissible in evidence unless the specific bookkeeper who made the entry could identify it. Since the bank employed 18 bookkeepers, and the entries were made by bookkeeping machines, this was impossible." S.Rep.No.1965, 74th Cong., 2d Sess. 1–2 (1936), quoted in Palmer v. Hoffman, 318 U.S. 109, 112 n.3, 63 S.Ct. 477, 87 L.Ed. 645 (1943).

there was insufficient evidence to support her conviction because the Government failed to establish that the bond her employer received from New York was identical to the one she presented to the Indiana National Bank for negotiation in interstate commerce.

■ Viewing the evidence in the light most favorable to the Government, as we must when a criminal defendant questions the sufficiency of the evidence, we think there was more than enough evidence to support the convictions. The jury could have reasonably concluded that a $100,000 bond of The Twelve Federal Land Banks was purchased by defendant's employer; that such a bond, numbered 952, was received from New York; that it subsequently disappeared from an area to which defendant had ready access; and that defendant stole the bond. The jury could also have reasonably concluded that defendant presented a bond meeting the same description, numbered 952B, to the Indiana National Bank for negotiation after an unsuccessful attempt to negotiate the bond at another bank; and that the bond was in fact negotiated in interstate commerce.

■ During the course of this appeal the Government offered certain Treasury Department documents for our judicial notice which purport to demonstrate that all bonds of the type in question with the final numeral "2" bear the alphabetical suffix "B." Under the view we take of the matter, it is not necessary for us to take judicial notice of these documents. Considering the reckless disregard for the truth displayed by defendant in attempting to account for her possession of the $100,000 bond— which drew pointed comments from the trial court during the sentencing hearing—it was entirely reasonable for the jury to infer that defendant negotiated the same bond she had stolen and that the bonds numbered 952 and 952B were one and the same. Given the factors the jury had to consider, this inference would appear to be not only a logical one, but the only logical inference to be drawn.

For the foregoing reasons, the convictions appealed from are affirmed in all respects.

Affirmed.