Ronnie **COULTER**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 45393.

Court of Criminal Appeals of Texas.

May 16, 1973.

M. Gabriel Nahas, Jr., Houston, for appellant.

Carol Vance, Dist. Atty., James C. Brough, Calvin Botley and William Burge, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The conviction is for the sale of marihuana; the punishment, ten years imprisonment.

Richard Heath, a Federal Narcotics Agent, was qualified as an expert witness in the identification of marihuana. He testified that the material contained in three tobacco cans, which he had purchased from the appellant, was marihuana.

The appellant urges that it was reversible error to admit in evidence, over timely and proper objection, five exhibits, because they constitute hearsay evidence, and because he was deprived of his constitutional right to be confronted by the person who made the written entries on these exhibits.

It is the State's position that each exhibit was properly admitted under the provisions of Article 3737e, Vernon's Ann.Civ. St.,[1] the statutory Business Records Exception to the Hearsay Rule.[2] and [3]

---

[1] Article 3737e, V.A.C.S., in part, reads:

"Competence of record as evidence

"Section 1. A memorandum or record of an act, event or condition shall, insofar as relevant, be competent evidence of the occurrence of the act or event or the existence of the condition if the judge finds that:

"(a) It was made in the regular course of business;

"(b) It was the regular course of that business for an employee or representative of such business with personal knowledge of such act, event or condition to make such memorandum or record or to transmit information thereof to be included in such memorandum or record;

"(c) It was made at or near the time of the act, event or condition or reasonably soon thereafter.

"Proof of identity and mode of preparation; lack of personal knowledge

"Sec. 2. The identity and mode of preparation of the memorandum or record in accordance with the provisions of paragraph one (1) may be proved by the testimony of the entrant, custodian or other qualified witness even though he may not have personal knowledge as to the various items or contents of such memorandum or record. Such lack of personal knowledge may be shown to affect the weight and credibility of the memorandum or record but shall not affect its admissibility.

" . . .

"Business defined

"Sec. 4. 'Business' as used in this Act includes any and every kind of regular organized activity whether conducted for profit or not."

[2] The State's brief suggests that the exhibits in question are official records and entitled to be admitted under the provisions of Article 3731a, V.A.C.S. It is doubtful that a proper predicate was laid for their admission under this statute and even if it had been, the discussion in the opinion concerning the admissibility of the exhibits under Article 3737e, V.A.C.S., would also apply to their admission under Article 3731a, V.A.C.S. See United States v. Ware, 247 F.2d 698 (7 Cir.) and United States v. Adams, 385 F.2d 548 (2d Cir. 1967).

[3] The State did not offer Exhibit No. 2 on the theory that it was admissible as "past recollection recorded." Similar type of memoranda have been admitted in some jurisdictions on this theory. For two recent cases see the opinions of the Ohio Supreme Court in State v. Scott, 31 Ohio St.2d 1, 285 N.E.2d 344 (1972) and of the Supreme Court of Delaware in Johnson v. State, 253 A.2d 206 (1969). The majority, in the Ohio case, reasons that the memoranda are more accurate than the witness' present memory and aid in the search for truth. Some courts admit such memoranda even though the witness does not testify that he lacks present memory of the events. See Jordan v. People, 151 Colo. 133, 376 P.2d 699 (1962); Hall v. State, 223 Md. 158, 162 A.2d 751 (1965) and State v. Sutton, 253 Or. 24, 450 P.2d 748 (1969). There is some danger that this rule might permit the preparation of memoranda for the purposes of litigation; however, the rule for admitting past recollection recorded has received wide acceptance. See McCormick on Evidence, Secs. 276–280; Wigmore on Evidence (3rd ed.), Secs. 744–755; 4 Jones on Evidence, Sec. 972; Annotation 82 A.L.R.2d 473 and McCormick and Ray 2nd ed., Sec. 1251, et seq.

State's Exhibit No. 1 is an envelope addressed to the "Alcohol and Tobacco Tax Laboratory, 1114 Commerce St., Room 1023, Dallas 2, Texas." The return address is "Department of Justice, Bureau of Narcotics and Dangerous Drugs, 515 Rusk, Room 1602, Houston, Texas 77002." It bears a stamp and number showing it was sent by Registered Mail with return receipt requested. There is a notation showing the receipt of the envelope on Thursday, January 2, 1969, and the initials KBA and CRP.

State's Exhibit No. 2 is a lock-sealing envelope. Heath put the tobacco cans in Exhibit No. 2 before he inserted it into the mailing envelope, Exhibit No. 1. Exhibit No. 2 bears the following information; the italicized portions having been placed on the printed form.

"Jan 2 1969    3220
                      3222

TREASURY DEPARTMENT

Bureau of Narcotics

Region
~~District~~ No. . . . 11                Case No. . . . M3–68–0027

Name . . . Ronald Coulter            Alias . . . .

Address . . . 16023 De Zavalla, Channelview, Texas

Evidence . . . Ex. 1: Three 'Prince Albert' tobacco cans containing approximately 55.20 grams of suspected marihuana . . .

How Obtained } Purchased by Richard Heath, Jr.
                      Found by . . .

Where Obtained . . . 17213 Market St., Channelview, Texas

Date . . . December 30, 1968    Time . . . About 5:20 PM

Amount Paid . . . $65.00

Witnesses: . . . Special Agents: Robert M. Baker, Ed Alcorn and Gilbert L. Moody

Agent reporting case . . . Richard Heath, Jr.

Remarks: . . . Entire Ex. sent to U. S. Chemist, Dallas, Texas"

The back of the exhibit reads as follows:

"Registry No.
743321

CRP
KBA

Weighed and Sealed by 12–31–68

S/Richard Heath, Jr.
Special Agent

Witnessed by 12–31–68

S/Weldon L. Parker
Special Agent"

State's Exhibit No. 3 is a lock-sealing envelope in which the three Prince Albert tobacco cans containing the marihuana were placed at the laboratory. On the front of the envelope is a Food and Drug Administration form reading as follows:

"FOOD AND DRUG ADMINISTRATION
Bureau of Drug Abuse Control

| Reporting Office | Exhibit No. | Case Number |
|---|---|---|
| Region 11 | 1 | M3–68–8027 |
| Name | Alias | |
| . . . Ronald Coulter | . . . | |

Evidence

Remainder of 3 Prince Albert cans of Marihuana"

On the back of the envelope are several notations which read:

"UH received 51.80 grams

UH remaining 47.93 grams

Analyzed & Sealed 1/6/69

Marihuana leaf, seed, stem, & marihuana resin present in each of 3 Prince Albert tobacco cans.

CRP
KBA"

State's Exhibit No. 4 is a portion of a United States Treasury form reading as follows:

"9. Chemist's Report of Analysis:

| Exhibit Number | Laboratory Number | Total Weight Found | Substance Found | Weight After Analysis Grams |
|---|---|---|---|---|
| 1 | 3220 | 51.80 | Marihuana leaf, seed, stem and Marihuana resin present in each of 3 Prince Albert tobacco cans. | 47.03 |

REMARKS:

1–6–69

| Rm 1023, 1114 Commerce, Dallas, Texas | S/J. H. Kluckholn |
|---|---|
| Address | Chemist in Charge |
| | J. H. Kluckholn" |

State's Exhibit No. 5 is a Treasury Department form bearing the following information:

| "Exhibit No. | Lab. No. | Weight Submitted | Substance Found | Weight After Exam |
|---|---|---|---|---|
| 1 | 3220 and 3222 | 50.80 | Marihuana leaf, seed, stem & marihuana resin present in each of 3 Prince Albert tobacco cans" | 47.03 |

James H. Kluckholn, Chief Chemist in the Dallas Laboratory of the Bureau of Alcohol, Tobacco and of Narcotics and Dangerous Drugs, testified that he recognized the initials CRP and KBA, which appear on the exhibits, as being those of Charles R. Pyles and Kenneth B. Anderson. Both were chemists in the laboratory, and they were under his supervision in making the chemical analysis reflected by the records on which their initials appear. At the time of the trial, Pyles and Anderson were not available as witnesses because Pyles was recovering from surgery and Anderson was an employee of the United States Treasury Department in the Atlanta, Georgia office.

The State offered the testimony of Kluckholn, the Chief Chemist, to authenticate and lay a predicate, as required by Article 3737e, V.A.C.S., for the introduction of each exhibit. Exhibits 3, 4 and 5 were shown to have been made in the regular and usual course of the activities of the laboratory, at or near the time of the acts or events recorded, by those having personal knowledge of such acts or events. The sufficiency of the predicate for the admission of Exhibit No. 2 is not as clear.

The statement of some fundamental principles may be necessary to a discussion of the admissibility of evidence under the Business Records Act.

■ The right to cross-examine witnesses is implicit within the right to confrontation provided by the Sixth Amendment to the Constitution of the United States as applied through the Fourteenth Amendment. Chambers v. Mississippi, 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973); Dutton v. Evans, 400 U.S. 74, 91 S.Ct. 210, 27 L.Ed.2d 213 (1970); Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.

Ed.2d 476 (1968); Smith v. Illinois, 390 U.S. 129, 88 S.Ct. 748, 19 L.Ed.2d 956 (1967); Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965) and Douglas v. Alabama, 380 U.S. 415, 85 S.Ct. 1074, 13 L.Ed.2d 934 (1965).

The right to confront and cross-examine witnesses has also been held to be essential to due process and a fair trial within the provisions of the Fourteenth Amendment to the Constitution of the United States. E.g., In Re Oliver, 333 U.S. 257, 68 S.Ct. 499, 92 L.Ed. 682 (1948) and Chambers v. Mississippi, supra.

However, the right of confrontation and cross-examination is not *absolute*. Chambers v. Mississippi, supra; Mancusi v. Stubbs, 408 U.S. 204, 92 S.Ct. 2308, 33 L.Ed.2d 293 (1972); Dutton v. Evans, supra, and California v. Green, 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970).

■ Confrontation and cross-examination are not essential where the evidence bears the indicia of reliability sufficient to insure the integrity of the fact finding process. Dutton v. Evans, supra; Mancusi v. Stubbs, supra; Kay v. United States, 255 F.2d 476 (4th Cir. 1958) and cf. Chambers v. Mississippi, supra; California v. Green, supra; Berger v. California, 393 U.S. 314, 89 S.Ct. 540, 21 L.Ed.2d 508 (1969).

If the rights of confrontation and cross-examination were absolute, none of the exceptions to the Hearsay Rule would apply in criminal cases. In almost every criminal case evidence is admitted under one of the exceptions to the Hearsay Rule. Regularly kept business records are admissible as one of the well recognized exceptions. They are admissible in this state under the provisions of Article 3737e, V.A.C.S.[4]

4. "The admissibility of regularly kept records is now largely a matter of statute because of the widespread adoption of the Commonwealth Fund Act (which is codified in the federal statute) and the Uniform Business Records and Evidence Act. Several other versions of the exception have been offered, one by Professor Roy R. Ray (which was adopted by the Texas Legislature) and another in the Uniform Rules of Evidence." McCormick, Evidence, 2nd Ed., p. 719, Sec. 306. These statutory provisions expand the Common law "Shop-Book" Rule.

■ There is no doubt that the Business Records Exception to the Hearsay Rule is applicable in criminal cases. See Roddy v. State, 494 S.W.2d 174 (Tex.Cr.App.1973); Williams v. State, 492 S.W.2d 496 (Tex. Cr.App.1973); Thomas v. State, 493 S.W. 2d 832 (Tex.Cr.App., 1973); Whitfield v. State, 492 S.W.2d 502 (Tex.Cr.App.1973); Mahaffey v. State, 471 S.W.2d 801 (Tex. Cr.App.1971); Batiste v. State, 462 S.W.2d 30 (Tex.Cr.App.1971); Fields v. State, 402 S.W.2d 740 (Tex.Cr.App.1966); Dagley v. State, 394 S.W.2d 179 (Tex.Cr.App.1965); Trujillo v. State, 166 Tex.Cr.R. 405, 313 S.W.2d 871 (1958); Leonard v. State, 161 Tex.Cr.R. 599, 278 S.W.2d 313 (1955) and Jackson v. State, 159 Tex.Cr.R. 228, 262 S.W.2d 499 (1953).

Records made in the regular course of business are admitted in the Federal Courts under the provisions of 28 U.S.C.A. § 1732. See its application in recent criminal cases. United States v. Henderson, 471 F.2d 204 (7th Cir. 1972); United States v. Gremillion, 464 F.2d 901 (5th Cir. 1972); United States v. Hedge, 462 F.2d 220 (5th Cir. 1972); United States v. Rogers, 454 F.2d 601 (7th Cir. 1971); United States v. Bohle, 445 F.2d 54 (7th Cir. 1971); Warren v. United States, 447 F.2d 259 (9th Cir. 1971); United States v. Haili, 443 F.2d 1295 (9th Cir. 1971) and United States v. Martin, 434 F.2d 275 (5th Cir. 1970).

■ However, in some circumstances, evidence within the ambit of a recognized exception to the Hearsay Rule is not admissible if it does not have the indicia of reliability sufficient to insure the integrity of the fact finding process commensurate with the constitutional right of confrontation and cross-examination. Chambers v. Mississippi, supra; Barber v. Page, 390 U.S. 719, 88 S.Ct. 1318, 20 L.Ed.2d 255

(1968); Berger v. California, supra; McDaniel v. United States, 343 F.2d 785 (5th Cir. 1965); United States v. Lipscomb, 435 F.2d 795 (5th Cir. 1970) and Phillips v. Neil, 452 F.2d 337 (6th Cir. 1971).

The United States Court of Appeal in four circuits have reversed cases where a form bearing similar information to State's Exhibit No. 2 in this case had been admitted into evidence. These cases which were reversed are: United States v. Brown, 451 F.2d 1231 (5th Cir. 1971); United States v. Adams, 385 F.2d 548 (2d Cir. 1967);[5] Sanchez v. United States, 293 F.2d 260 (8th Cir. 1961); and United States v. Ware, 247 F.2d 698 (7th Cir. 1957).[6]

The language used by the court in United States v. Ware, supra, which follows, is equally applicable in this case.

"The exhibits were prepared out of the defendant's presence and contain the conclusions of government's witnesses as to matters which were in the jury's province to determine. They are clearly hearsay and inadmissible unless within an exception to the hearsay rule. The District Court admitted the exhibits into evidence on the theory that they qualified as business entries under the Shopkeeper's Rule, 28 U.S.C.A. § 1732.

" . . .

"The exhibits or memoranda made by the narcotic agents however satisfy none of the requirements of section 1732. The government has not shown, in the language of the statute, that the statements were recorded in the regular course of business and that it was the regular course of business to make such memoranda or records. And even if memoranda such as the ones in question are regularly prepared by law enforce-

5. Though not formally received in evidence the Treasury form was delivered to the jury while they were deliberating in this case.

6. The Treasury Department form introduced in each of these cases is set out either in the body or a footnote to the opinion. They appear to be the identical type of form, bearing similar information, to the one in this case.

ment officers, they lack the necessary earmarks of reliability and trustworthiness. Their source and the nature and manner of their compilation unavoidably dictate that they are inadmissible under section 1732. They are also subject to the objection that such utility as they possess relates primarily to prosecution of suspected law breakers, and only incidentally to the systematic conduct of the police business. Cf. Palmer v. Hoffman, supra (318 U.S. 109, 63 S.Ct. 477, 87 L. Ed. 645.)

"The rule contended for by the government could have far-reaching results not envisioned by the drafters of section 1732. In the instant case, the entrants or makers of the memoranda were available for cross-examination and testified as witnesses at the trial, but we can well imagine the situation where the entrant or maker was dead or unavailable and a conviction would be sought on the basis of such memoranda alone. Further, we are not aware of any dire consequences that will befall law enforcement officials by holding such memoranda inadmissible as might occur by the exclusion of the business entries of commercial enterprises."

In United States v. Brown, supra, after the court had discussed United States v. Ware, supra, it was said:

"We conclude, as did the Court of Appeals of the Seventh Circuit, that even though 'the persons who made the memoranda were present at the trial and were tendered for cross-examination (and) that the memoranda were merely cumulative of other evidence properly in the record and that there was overwhelming evidence properly received of the defendant's guilt', we cannot say that the error did not influence the jury, to the defendant's detriment, or even that it had but very slight effect."

■ We hold the admission of State's Exhibit No. 2 was reversible error. Even if it was shown to be a business record entry, the indicia of reliability necessary for its admission is not shown.[7]

■ The holding here should not be misunderstood and misinterpreted; we emphasize that most regularly kept business records are admissible in evidence as an exception to the Hearsay Rule. The statute permitting the admission of such records should be liberally construed, but not mechanistically applied. Even though the formal requirements for admissibility of such records may be shown, they are not to be admitted automatically; the indispensable fundamental trustworthiness of the proffered record must be evident. See Bowman v. Kaufman, 387 F.2d 582 (2d Cir. 1967); Gillin v. Federal Paper Board Co., 52 F.R.D. 383 (U.S.Dist.Ct. of Conn. 1970); cf. Skillern and Son, Inc. v. Rosen, 359 S.W.2d 298 (Tex.Sup.Ct.1962) and Loper v. Andrews, 404 S.W.2d 300 (Tex. Sup.Ct.1966).

7. We would also call attention to a line of cases which have required reversal because of the admission of hearsay evidence such as that here admitted. See Powdrill v. State, 159 Tex.Cr.R. 618, 266 S.W.2d 879 (1954); Parker v. State, 132 Tex.Cr.R. 567, 106 S.W.2d 313 (1937); Austin v. State, 97 Tex.Cr.R. 360, 261 S.W. 1035 (1924) and cf. Elliott v. State, 450 S.W.2d 863 (Tex.Cr.App.1970); McDonald v. State, 160 Tex.Cr.R. 181, 268 S.W.2d 157 (1954) and Ellison v. State, 154 Tex.Cr.R. 448, 227 S.W.2d 817 (1950). However, the admission of such evidence in these cases was not on the basis of it being a business record. In Parker v. State, supra, the evidence which was held to have been erroneously admitted was the label on a bottle which stated:

"10–1–36
Clate Parker sold to
Louis Davis
W. B. Hughes.
                              J. B. Sample,
                              Will Arnold"

In Powdrill v. State, supra, the inadmissible evidence was the information written on a label as follows:

"Purchased from Mary Alice Powdrill, purchased by J. P. Hadnot, price 50¢, Address: 222 Medlin Alley, Tyler, Smith County, May 21st, 1953, 6 P. M."

■ The purpose of the Business Records Act is to dispense with the necessity of proving each and every book entry by the person actually making such entry. See Trujillo v. State, 166 Tex.Cr.R. 405, 313 S.W.2d 871 (1958); United States v. Lipscomb, 435 F.2d 795 (5th Cir. 1970); United States v. Anderson, 447 F.2d 833 (8th Cir. 1971); United States v. DeFrisco, 441 F.2d 137 (5th Cir. 1971); Harris v. Smith, 372 F.2d 806 (8th Cir. 1967); Shultz v. Corning Glass Works, 319 F. Supp. 1161 (W.D.N.Y.1970).

The theory underlying the Act is that there is a certain probability of trustworthiness of records regularly kept by an organization while engaged in its activities and upon which it relies in the ordinary course of its activities. United States v. Lipscomb, supra; Louisville and Nashville Railroad Co. v. Knox Homes Corp., 343 F.2d 887 (5th Cir. 1965); United States v. DeFrisco, supra; Gillin v. Federal Paper Board Co., supra, and Transport Indemnity Co. v. Seib, 178 Neb. 253, 132 N.W.2d 871 (1965).

■ It must be determined in each instance whether the particular record is of such trustworthiness as to guarantee the same protection provided by the constitutional rights of confrontation. The particular record and its relationship to the particular case in which it is offered are a part of the circumstances to be considered in determining whether the record has the indispensable fundamental trustworthiness necessary for its admission into evidence. See e. g., United States v. Lipscomb, supra; McDaniel v. United States, 343 F.2d 785 (5th Cir. 1965); People v. Aguilar, 16 Cal.App.3d 1001, 94 Cal.Rptr. 492 (1971); Johnson v. State, Del., 253 A.2d 206 (1969); People v. Crant, 42 Misc.2d 350, 248 N.Y.S.2d 310 (1964).

All law enforcement agencies in the regular and ordinary course of their activities, in almost every criminal case, now make and keep offense report records. These records meet the formal requirements of the Business Records Act, but such records should not be automatically admitted. If they were to be automatically admitted, it is conceivable that attempts might be made to use such reports unaided by other evidence as a basis for prosecution. Certainly, some records or parts of some records kept by law enforcement agencies are admissible under that Act. More precise guide lines and rules cannot be laid down because the trustworthiness and reliability of records in relation to the complexities of the fact situations in future cases cannot be anticipated.

As to the admissibility of Exhibits No. 3, 4, and 5, these records made in the laboratory were shown to meet the formal requirements for admissibility under the Business Records Act, and their trustworthiness was established. See United States v. Ware, supra; Thomas v. Hogan, 308 F. 2d 355 (4th Cir., en banc, 1962).

■ These records were properly admitted into evidence and the expert witness, Kluckholn, could properly use them as a basis for his opinion and testimony. Mahaffey v. State, 471 S.W.2d 801 (Tex. Cr.App.1971); Dagley v. State, 394 S.W. 2d 179 (Tex.Cr.App.1965); Trujillo v. State, 166 Tex.Cr.R. 405, 313 S.W.2d 871 (1958) and Leonard v. State, 161 Tex.Cr. R. 470, 278 S.W.2d 313 (1955). However, the records and the testimony of the expert are not conclusive and either may be attacked in any legitimate way possible. See Kay v. United States, 255 F.2d 476 (4th Cir. 1958) and Thomas v. Hogan, supra.

■ The State's Exhibit No. 1 was also properly admitted. The address and information on that exhibit were not admitted for their testimonial value, but evidenced a part of the circumstances showing the chain of custody of the evidence. See the discussion in Phenix v. State, 488 S.W.2d 759 (Tex.Cr.App.1972).

For the error in admitting State's Exhibit No. 2, the judgment is reversed and the cause remanded.

Opinion approved by the Court.