**Anderson Gregory CARRIER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 54089.**

Court of Criminal Appeals of Texas, Panel No. 1.

March 8, 1978.

Rehearing En Banc Denied April 5, 1978.

James R. Dunaway, Orange, for appellant.

Jim Sharon Bearden, County Atty. and Patrick A. Clark, Asst. County Atty., Orange, for the State.

Before TOM G. DAVIS, DALLY and W. C. DAVIS, JJ.

OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for delivery of heroin. The jury assessed appellant's punishment at twenty-five years.

Appellant contends that the trial court erred in admitting into evidence over objec-

tion an evidence envelope on which the following handwritten notations appeared:

"unlawful dist of a
dangerous substance
9/25/74
8:15                B8484
Andy                st–1
Res. farragut       4–26–76
$50.00
2 tin foil containing
a brown powder.
(heroin)            8:35 P.M.
C.P.A. 43           8/25/74
                    JW
                    J.W.P."

■ Appellant timely objected when the envelope was marked for identification and again when the envelope was offered into evidence, stating that he objected "for the reason that it is an effort on that one particular instrument to embody and incorporate the entire offense there and is in effect a shorthand or a rendition of the entire State's case on one piece of paper— for the reason that, I think that I made this objection before, because it makes statements on there that the officer—[At this point the court noted that he had already ruled on the objection. The objection voiced at the offer of the exhibit is essentially the same objection voiced and overruled when the exhibit had been marked]." Appellant's objection sufficiently apprised the trial court of the basis for same and was not a general objection, as urged by the State. The trial court's action in overruling the objection requires reversal under our holding in *Coulter v. State*, Tex.Cr.App., 494 S.W.2d 876; *Battee v. State*, Tex.Cr. App., 543 S.W.2d 91; and *Sisson v. State*, 561 S.W.2d 197 (decided Feb. 18, 1978). We cannot agree with the State that there is a distinction between the instant case and *Coulter*. As we previously stated in *Battee v. State*, supra:

"All such arguments misapprehend the extent of the harm to a defendant that results from admission of such evidence. As the Seventh Circuit has reasoned in *United States v. Ware*, 247 F.2d 698, 700–701 (7th Cir. 1957):

"The jury thus had before it a neat condensation of the government's whole case against the defendant. The

government's witnesses in effect accompanied the jury into the jury room. In these circumstances we cannot say that the error did not influence the jury, to the defendant's detriment, or had but very slight effect."

■ The State argues that any error as to the admission of the evidence envelope was waived or rendered harmless when the undercover agent testified to the same facts. We recently addressed an identical contention in *Sisson v. State*, supra, where we stated:

"We cannot agree with the State's contention that the error was rendered harmless by the fact that the appellant had an opportunity to thoroughly cross-examine the narcotic agent who had filled out the information on the envelope. In *Coulter*, supra, we agreed with the reasoning in *United States v. Brown*, 451 F.2d 1231 (5th Cir. 1971) wherein the court stated:

'[E]ven though "the persons who made the memoranda were present at the trial and were tendered for cross examination (and) that the memoranda were merely cumulative of other evidence properly in the record and that there was overwhelming evidence properly received of the defendant's guilt", we cannot say that the error did not influence the jury, to the defendant's detriment, or even that it had but very slight effect.' "

The judgment is reversed and the cause remanded.