Ralph WILKES, Appellant,

v.

The STATE of Texas, Appellee.

No. 54425.

Court of Criminal Appeals of
Texas, Panel No. 3.

May 17, 1978.

Louis Dugas Jr., Orange, for appellant.

Jim Sharon Bearden, County Atty. and Michael W. Shuff, Asst. County Atty., Orange, for the State.

Before ROBERTS, ODOM and TOM G. DAVIS, JJ.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for delivery of heroin. Punishment was assessed at 45 years.

■ Appellant first complains of a conversation between a juror and a witness for the State that occurred during a recess. The trial court conducted a hearing at which the witness and juror testified that the conversation concerned the National Guard, and the case was not mentioned. No harm has been shown and the trial court did not err in denying appellant's motion for mistrial. See, Art. 40.03, Sec. 7, V.A.C. C.P. *Maldonado v. State*, Tex.Cr.App., 507 S.W.2d 206.

■ In his other ground of error appellant contends reversible error occurred when State's exhibit one was admitted over his hearsay objection. The exhibit was an evidence envelope with writings made by the undercover officer shortly after the purchase of the heroin. While the objection was good and the trial court's ruling was error under the authorities compared below, we conclude that in this case the exhibit did not harm appellant by presenting "a neat condensation of the government's whole case against the defendant," *Battee v. State*, Tex.Cr.App., 543 S.W.2d 91, quoting *United States v. Ware*, 7 Cir., 247 F.2d 698; nor was it shown that the exhibit actually accompanied the jury into the jury room.

Prior cases in which admissions of similar exhibits have required reversal include *Coulter v. State*, Tex.Cr.App., 494 S.W.2d 876; *Nelson v. State*, Tex.Cr.App., 507 S.W.2d 565; *Battee v. State*, supra; *Sisson v. State*, Tex.Cr.App., 561 S.W.2d 197; and, most recently, *Carrier v. State*, Tex.Cr. App., 565 S.W.2d 57 (1978). In each of those cases the harmful exhibit is set out in the opinion and may be compared by the reader. To distinguish this case we compare the exhibit here only with that in *Carrier*, the exhibit to which it is most similar.

In *Carrier* the exhibit bore these words:

| | |
|---|---|
| unlawful dist of a | |
| dangerous substance | |
| 9/25/74 | |
| 8:15 | B8484 |
| Andy | st–1 |
| Res. farragut | |
| $50.00 | 4–26–76 |
| | |
| 2 tin foil containing | |
| a brown powder | |
| (heroin) | 8:35 P.M., |
| C.P.A. 43 | 8/25/74 |
| | JW |
| | J.W.P. |

In the instant case the exhibit as offered read:

| | |
|---|---|
| unlawful Dist. of | |
| a dangerous substance | |
| 10/3/74 | |
| 1:30 p. m. | |
| Ralph | |
| Second St. pool hall | 1:45 p. m. |
| 4 pieces of foil | 10/3/74 |
| containing an off | J.W. |
| white powder | J.W.P. |
| $40.00 | |
| C.P.A. 43 | |

The trial court sustained appellant's hearsay objection in part and overruled it in part. Appellant sought exclusion of the entire exhibit, and after the court sustained the objection as to the first two lines on the exhibit by ordering them covered over, appellant secured an adverse ruling on his objection to the remainder of the exhibit. As admitted the exhibit read:

10/3/74
1:30 p. m.
Ralph
Second St. pool hall    1:45 p. m.
4 pieces of foil        10/3/74
containing an off       J.W.
white powder
$40.00                  J.W.P.
C.P.A. 43

A comparison of the exhibit in *Carrier* with the exhibit admitted here reveals that neither the name of the charged offense ("unlawful dist of a dangerous substance") nor identification of the substance ("heroin") appears on the exhibit admitted here, while both of those components of the "neat condensation" of the State's case were on the exhibit admitted in *Carrier*. Equally prejudicial information appeared on the exhibits admitted in *Coulter*, supra, and its progeny cited above. Although the exhibit here bears no greater indicia of reliability than was held insufficient in *Coulter*, and should have been excluded under the rule applied there, it was not so harmful here.

Accordingly, we conclude the error shown is not reversible, and overrule the ground of error.

The judgment is affirmed.

ROBERTS, J., dissents.