**Robert Lee COLEMAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 55906.**

Court of Criminal Appeals of Texas, Panel No. 3.

Feb. 28, 1979.

J. R. Musslewhite, Houston, for appellant.

Carol S. Vance, Dist. Atty., and Alvin M. Titus and R. P. Cornelius, Asst. Dist. Attys., Houston, for the State.

Before DOUGLAS, ROBERTS and DALLY, JJ.

## OPINION

DOUGLAS, Judge.

The conviction is for aggravated robbery. Two prior convictions were alleged for enhancement. Punishment was assessed at life.

Since the dissenting opinion states that this Court does not have jurisdiction, that question will be discussed first. The judgment is dated July 14, 1976, and the sentence dated July 23, 1976. There is no waiver of the ten-day period to file a motion for new trial provided for in Article 40.05, V.A.C.C.P. Appellant does not contend that he was not ready to be sentenced or that he was denied the right to file a motion for new trial. He does not contend that he would have filed a motion for new

trial if the trial judge had waited another day before pronouncing sentence.

In the recent case of *Parr v. State*, 575 S.W.2d 522 (Tex.Cr.App.1979), the defendant acquiesced to a premature sentence. He did not raise it until his motion for rehearing was filed. This Court held that because of Parr's decision not to raise the issue until after our original opinion was handed down, and the fact that the defect renders the sentence voidable not void, the issue should not be considered in the interest of justice under Article 40.09, V.A.C.C.P.

■ In the present case there is no contention that appellant was sentenced prematurely. We will not consider the matter on the court's own motion in the interest of justice.

In his brief, Coleman contends that the money taken in the robbery and discovered in his car was found as a result of an illegal search and seizure, that hearsay was improperly admitted and that there were improper enhancement allegations. The sufficiency of the evidence is not challenged.

During the afternoon of August 24, 1975, appellant and another individual entered the Super Duper convenience store in Houston. They pulled a gun on Harold Hobart and demanded the money from the cash register. They then ordered Hobart to the ground. Hobart heard the tires of a car screech as the robbers left. He immediately called the police.

D. A. Smith, a Houston police officer, was on routine patrol on the afternoon of August 24, 1975. He observed a car speed away from the Super Duper and gave chase to make a traffic stop. After pursuing the vehicle for several blocks, he stopped it and both occupants were ordered out of the car. Smith observed a pistol in the front seat area and then heard a radio broadcast of the robbery. He and other officers took the two suspects back to the Super Duper where they were identified by Hobart. They then searched the car and found a bag full of money.

The State presented its case through eye-witness testimony and physical evidence. There was also a film, made by a hidden camera, of the entire robbery. It was run and a narration of the events was made before the jury.

Coleman challenges the admission into evidence of the testimony concerning the money bag. He argues that the search was not incident to the arrest.

In *Taylor v. State,* 421 S.W.2d 403 (Tex. Cr.App.1967), we made the following explanation of the law:

"Once a bona fide stop or arrest has been made for a traffic offense, the police can make additional arrest for any other offense unexpectedly discovered during the course of the investigation. If, while questioning a motorist regarding the operation of [the] vehicle, an officer sees evidence of a criminal violation in open view, or *in some other manner acquires probable cause on a more serious charge* he may arrest for that offense and *incident thereto* conduct an additional search for physical evidence." (Emphasis in the original).

We have followed *Taylor* in several recent cases. *Duncantell v. State,* 563 S.W.2d 252 (Tex.Cr.App.1978); *Parker v. State,* 576 S.W.2d 613 (1979).

■ The traffic stop of appellant was valid. A gun was discovered in plain view and information of a recent burglary at a store that appellant had sped away from was obtained. Appellant was taken to the store and identified. At this point, the officers had probable cause to arrest appellant for the robbery and under *Taylor* could then conduct an additional search for physical evidence. We hold that the search was proper.

Complaint is next made that an envelope containing physical evidence had certain hearsay notations on it. The envelope containing the bullets taken from the pistol used in the robbery contained appellant's name, "robbery deadly weapon pistol", "Super Duper Drive In", a description of the exhibit and certain bookkeeping notations.

■ An exhibit which contains extraneous hearsay notations that constitute a concise summary of the State's case should not be admitted. *Battee v. State,* 543 S.W.2d 91 (Tex.Cr.App.1976); *Coulter v. State,* 494 S.W.2d 876 (Tex.Cr.App.1973). In both *Battee* and *Coulter,* the complained of notations were in considerably greater detail than in the instant case. They named the defendants as the ones committing the offense. While the instant notations were not in as great a detail, they did tend to summarize the facts, they were hearsay and they were the subject of a timely and proper objection. They did not name appellant as the guilty party. The evidence in this case includes an eyewitness identification, the finding of all relevant physical evidence in appellant's possession, flight and a movie of the appellant in the robbery. There are few cases where the evidence of guilt could be stronger. We hold that the admission of the envelope and the notations was not reversible error. See *Wilkes v. State,* 566 S.W.2d 299 (Tex.Cr. App.1978).

Appellant next challenges the sufficiency of the enhancement allegation of the indictment. He contends that the enhancement paragraphs are void because they do not allege that he was convicted in a court, in a district court, or in which district court. Coleman argues that the allegation fails to give him sufficient notice. This complaint is raised for the first time on appeal.

■ The purpose of an enhancement allegation is to provide the accused with notice of the prior conviction relied upon by the State. *Bevins v. State,* 422 S.W.2d 180 (Tex.Cr.App.1967). The enhancement allegation need not have the specificity required of the primary count. *Cooper v. State,* 500 S.W.2d 837 (Tex.Cr.App.1973).

■ The instant indictment described the prior convictions by date, cause number, county, state, and offense. No motion to quash was filed. We conclude that Coleman had sufficient notice of the prior convictions. See *Prodan v. State,* 574 S.W.2d 100 (Tex.Cr.App.1978); *Arce v. State,* 552

S.W.2d 163 (Tex.Cr.App.1977); *Teamer v. State,* 557 S.W.2d 110 (Tex.Cr.App.1977), and *Hollins v. State,* 571 S.W.2d 873 (Tex. Cr.App.1978).

Appellant has also filed two pro se briefs urging additional grounds of error. We have examined these and find them to be without merit.

There is no reversible error. The judgment is affirmed.

ROBERTS, Judge, dissenting.

I dissent to the majority's holding that we have jurisdiction to entertain the present appeal.

The majority cites the recent decision of *Parr v. State,* Tex.Cr.App., 575 S.W.2d 522, 1979 (Douglas, J.), as authority for its holding that appellant's acquiescence to premature sentencing in the present case precludes us from considering this matter on direct appeal. In *Parr,* supra, it was held that the defendant was not entitled to complain on motion for rehearing of the premature pronouncement of sentence in violation of Article 42.03(1), Vernon's Ann.C.C.P.

Although this writer questions the soundness of *Parr,* supra, in light of our past decisions, the present case is yet distinguishable because, unlike *Parr,* appellant's premature sentencing was called to this Court's attention while his appeal was pending on original submission. In *Ex parte Shields,* 550 S.W.2d 670 (Tex.Cr.App. 1976) (Opinion on State's Motion for Rehearing), a decision which has not been overruled by this Court, it was held that:

". . . if [the complaint of premature pronouncement of sentence is made] on direct appeal *or the matter is called to the attention of this court in any manner while the appeal is pending,* the appeal will be dismissed. If no appeal is taken or if the matter of untimely pronounced sentence is not called to the appellate court's attention in any manner on appeal, such voidable only sentence will not be subject to collateral attack by habeas corpus proceeding or otherwise." Ibid at 676. (Emphasis supplied.)

Thus, the majority's holding today is in direct conflict with our decision in *Ex parte Shields,* supra. Stare decisis should mean something.

Moreover, the present case is clearly distinguishable from *Housewright v. State,* 573 S.W.2d 233 (Tex.Cr.App.1978), in which it was held that where the record is silent as to waiver of time provided for in Articles 40.05 and 41.02, Vernon's Ann.C.C.P., it would be presumed on appeal that the defendant waived the time and that sentence was timely pronounced. The record in the present case affirmatively reflects that there was no intelligent and voluntary waiver of time by the appellant; therefore the sentence was pronounced prematurely.

As was stated in dissent in *Housewright v. State,* supra:

"Procedural law for criminal cases is established by the Legislature so that a lawyer representing clients may go anywhere in the State and be assured that the procedure will be the same. See *Bouie v. State,* 565 S.W.2d 543, 554–555 (Tex.Cr.App.1978) (Dissenting Opinion).

"In [the present] case the trial judge pronounced sentence without allowing the necessary 10 days to elapse for a motion for new trial or a motion in arrest of judgment, and, in addition, he failed to ascertain if the appellant wished to waive his right to this 10-day period. The right to have 10 days to file these motions is fundamental to our procedure. See *Woods v. State,* 532 S.W.2d 608 (Tex.Cr. App.1976), and authorities there cited."

For the reasons stated, the appeal should be dismissed because the premature pronouncement of sentence was called to this Court's attention while the present appeal was pending, and therefore, consistent with our holdings in *Ex parte Shields,* supra; and *Housewright v. State,* supra, we lack jurisdiction to entertain this appeal. Accordingly, the appeal should be dismissed.