**Robert James WATKINS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 12–81–0133–CR.**

Court of Appeals of Texas, Tyler.

June 17, 1982.

Harry R. Heard, Longview, for appellant.

Kent Phillips, Asst. Dist. Atty., Robert R. Foster, Dist. Atty., Longview, for appellee.

SUMMERS, Chief Justice.

Appellant entered a plea of not guilty before a jury to the offense of burglary of a building. Appellant was convicted and the jury assessed punishment enhanced under Tex.Penal Code art. 12.42(d) (1977) at life imprisonment at the Texas Department of Corrections.

Appellant brings three grounds of error. Appellant's first ground of error contends the trial court erred in admitting fingerprints taken from the scene of the crime and from appellant into evidence because they contained hearsay evidence upon their face. During trial the State introduced five photographs of fingerprints taken from the scene of the burglary and a photo of appellant's fingerprint card. Appellant timely objected that the photographs contained inadmissible hearsay on their face.

In *Sisson v. State*, 561 S.W.2d 197 (Tex. Cr.App.1978), the court held that the State committed reversible error in introducing an evidence envelope with the following writing on the envelope:

NARCOTICS SECTION

INVESTIGATION NO. IC–75–001

DEFENDANT(s) Sisson, Cove

DESCRIPTION OF DEFENDANT(s) white male, approximately 45 years of age approximately 5′ 9″ tall, 180 pounds, gray hair

VIOLATION Delivery of a Controlled Substance; namely cocaine

DATE & TIME OF OFFENSE 11–11–75 8:50 P.M.

LOCATION OF OFFENSE Gilmer, Texas

DESCRIPTION OF ENCLOSED EVIDENCE Three (3) tin foil packages, each containing a brownish powder substance

REMARKS _____
AGENT <u>Danny Green # 2549</u>
WITNESSES _____
SUBMITTED BY <u>Danny Green</u>
ON <u>11–12–75</u> at ____ M.
VIA <u>PERSONALLY</u>

/s/ <u>Danny Green</u>
Signature

■ The court in reversing stated that not only had the proper predicate not been laid for the evidence envelope under the Business Records Act, art. 3737e, Vernon's Annotated Civil Statutes, but also an exhibit of this nature lacked the "indicia of reliability necessary for its admission." 561 at 199 citing *Coulter v. State*, 494 S.W.2d 876, 883 (Tex.Cr.App.1979). However, in a more recent decision the Court of Criminal Appeals held that admission of hearsay writings on an evidence envelope was not reversible error where the writings did not present "a neat condensation of the government's whole case against the defendant." *Wilkes v. State*, 566 S.W.2d 299, 300 (Tex. Cr.App.1978); see also *Coleman v. State*, 577 S.W.2d 486 (Tex.Cr.App.1979). We believe the facts of this case parallel *Wilkes* and *Coleman*. The writing on the exhibits did not present a summary of the State's case but rather was for the purpose of identification of the exhibits. Officer Mike Downs of the Longview Police Department testified that he labeled each photo of a fingerprint lifted as L1 through L6 and that he also put the date the fingerprints were lifted 10–30–80; his initials "M.D." and "burg. 3649 Estes" and the place in the building where the print was lifted such as "inside sheet metal entry point." Danny Carter, a fingerprint expert for the State testified that he also placed his initials on the photographs and the date he examined the photos. Thus in almost every instance where appellant objected to the admission of the exhibits because of written hearsay notations thereon, witnesses for the State clarified the writings and indicated the writings were theirs. Thus while the objection was good and the trial court's ruling was error under the authorities compared above, we conclude that in this case the exhibit did not harm appellant by presenting "a neat condensation of the government's whole case against the defendant." *Wilkes, supra.* Furthermore it was not shown that the exhibits actually accompanied the jury into the jury room. *Wilkes, supra.* Appellant's first ground of error is overruled.

■ Appellant's second ground of error complains that the indictment was defective for failure to allege a proper date of occurrence of the crime. The State's witness, Ronny Hogg, testified that the burglary occurred sometime over the weekend of October 9th through 12th, 1980. The indictment read "on or about the 12th day of October, A.D.1980 . . ."

■ The Court of Criminal Appeals has repeatedly held that when an "on or about" date is alleged as the commission of the offense, the time mentioned must be a date anterior to the presentation of the indictment and not so remote that prosecution is barred by the statute of limitations; that under such circumstances, the State is not bound by the date alleged, but conviction may be had upon the proof that the offense was committed anytime prior to the return of that indictment that is within the period of limitations. *Ex parte Hyett*, 610 S.W.2d 787 (Tex.Cr.App.1981); *Rogers v. State*, 169 Tex.Cr.R. 239, 333 S.W.2d 383 (1960). Appellant's second ground of error is overruled.

Appellant's last contention is that the trial court erred in not granting appellant's request for a circumstantial evidence instruction to the jury. Appellant contends there was no direct evidence except for the fingerprints that appellant committed the crime and therefore the denial of a circumstantial evidence instruction was reversible error.

■ We cannot agree with appellant's contention. Appellant's fingerprints were found at the scene of the crime and introduced into evidence. Where fingerprint evidence puts the accused at the scene of the crime, a circumstantial evidence instruction is not required since the print identification

is considered direct evidence. *Reed v. State*, 516 S.W.2d 680 (Tex.Cr.App.1974).

Appellant's reliance on *Eiland v. State*, 509 S.W.2d 596 (Tex.Cr.App.1974), is misplaced. In *Eiland* the Court of Criminal Appeals reversed a murder conviction where the only evidence that the accused committed the murder was a palm print on a windowsill. In requiring a circumstantial evidence instruction, the court noted that the palm print was only circumstantial evidence that the accused had murdered the victim. However, the court went on to state, citing numerous authorities, that the palm print could be direct evidence that the accused illegally entered the building. Appellant's third ground of error is overruled.

The judgment of the trial court is affirmed.