**George Collins GENTRY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–87–113 CR.**

Court of Appeals of Texas,
Beaumont.

Jan. 28, 1988.

Jimmy R. Burnitt, Orange, for appellant.

Kerry M. Klintworth, First Asst. Co. Atty. and Stephen C. Howard, Co. Atty., Orange, for appellee.

## OPINION

DIES, Chief Justice.

Appellant was convicted of burglary of a vehicle occurring on January 30, 1987. The jury sentenced him to forty years in the Texas Department of Corrections. Appeal has been perfected to this court on one ground of error, viz.:

> "The trial court erred in granting Appellee's motion to amend the indictment as the amendment was an actual change of substance and not a change of form."

The State's original indictment alleged in the enhancement clauses that the 1985 conviction for theft occurred prior to the 1981 conviction for unauthorized use of a motor vehicle. The court allowed the State to amend the indictment.

The purpose of the enhancement allegations is to provide a defendant with notice of the prior conviction or convictions relied upon by the State. *Coleman v. State,* 577 S.W.2d 486 (Tex.Crim.App.1979). *TEX. CODE CRIM.PROC.ANN. art. 28.10(c)* (Vernon Pamph.Supp.1988) prohibits the amendment of an indictment (a) if it charges the defendant with an additional or different offense, or (b) if the substantial rights of the defendant are prejudiced. Neither was accomplished by this amendment. Appellant, in his brief, concedes "[t]he case law to this point is that amendments to the enhancement part of an indictment are correction of form, and not substance." And then Appellant urges us to reverse the case, stating, "All the prior case law on this point is wrong." As an intermediate court, this we cannot do. The point of error is overruled.

The judgment of the trial court is affirmed.