

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

NO. 2-06-292-CR

BENNIE JOE HOWE                                                    APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

------------

FROM THE 78TH DISTRICT COURT OF WICHITA COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Bennie Joe Howe appeals from his conviction and life sentence for aggravated sexual assault. In one issue, he argues that the State failed to provide adequate notice of its intent to seek enhanced punishment under penal code section 12.42(c). We affirm.

---

[1] *See* TEX. R. APP. P. 47.4.

## Background

The facts of the offense are not relevant to this appeal. The grand jury indicted Appellant for two counts of aggravated sexual assault. The indictment also alleged the following enhancement paragraph:

> And the Grand Jury aforesaid do further present that prior to the commission of the aforesaid primary offense by [Appellant], to-wit: on the 10th day of August, A.D. 1995, in the 78th District Court of Wichita County, Texas, in Cause No. 32,274-B on the docket of said court, [Appellant] was duly and legally convicted in the said last named court of a felony, to-wit: INDECENCY WITH A CHILD, . . . and said conviction was a final conviction and was a conviction for an offense committed by [Appellant] prior to the commission of the primary offense hereinbefore charged against him.

Eight months later, Appellant pleaded not guilty to both counts of the primary offense. Immediately after he pleaded not guilty and before voir dire, his trial counsel had him take the stand, and the following colloquy occurred between them:

> [DEFENSE COUNSEL]: Bennie, I have received an offer from the State in this case which is 30 years --
>
> THE DEFENDANT: I wouldn't take two years. I'm not guilty.
>
> THE COURT: Okay. Hang on just a minute.
>
> [DEFENSE COUNSEL]: Why don't you let me finish my question. I have received an offer from the State for 30 years in TDC for this offense. I understand you wouldn't plead for two years on this offense, but you do understand that we are dealing with a first-degree felony and that the potential punishment in this case would be 15 years to life; is that correct?

2

THE DEFENDANT: Yes, sir.

[DEFENSE COUNSEL]: And is it your desire to expressly reject the State's offer?

THE DEFENDANT: Yes, it is.

. . . .

[PROSECUTOR]: . . . I think [defense counsel] is incorrect on the range of punishment. If the enhancement paragraph is found true by the jury, or since they elected the jury, it's going to be an automatic life sentence. It's not going to be 15 to 99 or life.

[DEFENSE COUNSEL]: If I could speak to [the prosecutor] for just a second.

THE COURT: Off the record.

(Discussion off the record.)

. . . .

[DEFENSE COUNSEL]: Bennie, you understand essentially that what [the prosecutor's] position is, is that in the event you're convicted of this offense --

THE DEFENDANT: Sure, give me the death penalty. I don't care. If you make me guilty I want the death penalty, yes, not life in prison but the death penalty. Thank you. That's all I have to say.

[DEFENSE COUNSEL]: And I appreciate that. Allow me to finish my question, if you please. The question for you is this. The offer is 30 years and --

THE DEFENDANT: I want the death penalty if I'm found guilty. I don't want a life sentence. I don't want 30 years. I don't

3

want two years.  I am guilty -- if you're going to find me guilty, give me the death penalty.  That's all I have to say, Mr. --

. . . .

[DEFENSE COUNSEL]: Recognizing that there is a better than even chance -- recognizing that the only solution to this case in the event of a conviction is that you receive the life in prison, is it still your desire to reject the State's offer for 30 years in the penitentiary?

THE DEFENDANT: Well, sure.

The jury found Appellant guilty of both counts.  Appellant pleaded true to the enhancement paragraph—after his counsel advised him on the record that if he pleaded true, the trial court would instruct the jury to assess punishment at confinement for life.  The trial court instructed the jury to assess punishment at confinement for life on both counts, and the jury did as instructed.  The trial court sentenced Appellant accordingly, and this appeal followed.

## Discussion

In his sole issue, Appellant argues that the indictment's enhancement paragraph did not adequately notify him of the State's intent to seek life sentences, thereby depriving him of his right to due process.  He contends that "[t]he enhancement paragraph in the indictment was [at] best vague, if not confusing, regarding the intentions of the State."

4

The purpose of an enhancement allegation is to provide the accused with notice of the prior convictions relied upon by the State. *Coleman v. State*, 577 S.W.2d 486, 488 (Tex. Crim. App. [Panel Op.] 1979). The prior convictions used as enhancements must be pleaded in some form and are often contained in the indictment. *Brooks v. State*, 957 S.W.2d 30, 34 (Tex. Crim. App. 1997).

The statutory provisions governing enhancement of a felony offense with a defendant's prior convictions vary depending on both the degree of the offense to be enhanced and the nature of the enhancing offense. TEX. PENAL CODE ANN. § 12.42 (Vernon 2003 & Supp. 2007). Section 12.42(c) provides as follows:

> (1) If it is shown on the trial of a first-degree felony that the defendant has been once before convicted of a felony, on conviction he shall be punished by imprisonment in the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 15 years. In addition to imprisonment, an individual may be punished by a fine not to exceed $10,000.
>
> (2) Notwithstanding Subdivision (1), a defendant shall be punished by imprisonment in the Texas Department of Criminal Justice for life if:
>
> > (A) the defendant is convicted of an offense:
> >
> > > (i) under Section 21.11(a)(1), 22.021, or 22.011, Penal Code; . . . and

5

> (B) the defendant has been previously convicted of an offense:
>
> . . . .
>
> > (ii) under Section 21.02, 21.11, 22.011, 22.021, or 25.02, Penal Code . . . .

*Id.* § 12.42(c).

The indictment alleged two counts of aggravated sexual assault. Aggravated sexual assault is an offense under penal code section 22.021. *Id.* § 22.021 (Vernon Supp. 2007). The indictment's enhancement paragraph alleged a prior conviction for indecency with a child, which is an offense under penal code section 21.11. *Id.* § 21.11 (Vernon 2003). Thus, section 12.42(c)(2) applied, and the only possible outcome of a finding of guilty to the primary offenses and a finding of true to the enhancement allegation was a mandatory life sentence. *See id.* § 12.42(c)(2). The indictment left no question as to the State's intent regarding punishment; indeed, the State's intent is not relevant because section 12.42(c) mandates a life sentence under the circumstances. There was never the possibility of a sentence of fifteen to ninety-nine years *or* life under section 12.42(c)(1) because that subsection simply did not apply to the indictment's allegations.

The is not a case of the State failing to provide adequate notice of the prior conviction to be used for enhancement. It is not a case—as Appellant

6

contends—of the State failing to provide adequate notice of which of two alternative punishments it intended to seek because there was no alternative punishment possible. It is, apparently, a case of Appellant's trial counsel failing to grasp the significance of the indictment's allegations in terms of punishment until the prosecutor explained it to him. However, the indictment, when read in conjunction with section 12.42(c), contained all of the information necessary to apprise Appellant of the punishment he faced if the jury found him guilty and found the enhancement allegation to be true. And even after the prosecutor explained the indictment's ramifications to Appellant's counsel with Appellant present, and even after Appellant's counsel in turn explained them to Appellant, Appellant emphatically rejected the State's plea offer.

We therefore overrule Appellant's sole issue and affirm the trial court's judgment.

PER CURIAM

PANEL F:   GARDNER, DAUPHINOT, and HOLMAN, JJ.

DO NOT PUBLISH
TEX. R. APP. P. 47.2(b)

DELIVERED: May 1, 2008

7