Leon SMOTHERMAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 42788.

Court of Criminal Appeals of Texas.

April 29, 1970.

---

Leslie Cook (Court-appointed), Hugh Snodgrass (Court-appointed), Dallas, for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Camille Elliott, Harry J. Schulz, Jr., and W. T. Westmoreland, Jr., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

The offense is rape of a female under the age of 18 years; the punishment, 15 years.

This appeal is from the retrial of a conviction had in 1961 for statutory rape alleged to have occurred on September 26, 1960; and from a sentence of 99 years there was no appeal. This conviction was vacated by an order of a Federal Court (Smotherman v. Beto, D.C., 276 F.Supp. 579) on November 24, 1967, resulting in this conviction upon a retrial from which the appellant gave notice of appeal.

The first ground of error complains of the admission of the testimony of the prosecutrix that the appellant had an act of intercourse with her some 29 days before the date of the act alleged in the indictment, over his objection, that such act was an extraneous offense and not admissible. In his brief he contends that such extraneous act was highly prejudicial and too remote.

The prosecutrix testified that the appellant had intercourse with her on August 28, and then again on September 26, which is the date alleged in the indictment; and that she was eleven years of age on those dates.

The testimony of prior acts of intercourse in statutory rape cases is admissible in evidence. Simons v. State, 167 Tex.Cr.R. 15, 317 S.W.2d 740; Martin v. State, Tex.Cr.App., 400 S.W.2d 919. The testimony was also admissible over the objection that it was too remote. The first ground of error is overruled.

In his second ground of error the appellant contends that "the conviction in this cause should be reversed because of the manner and design of the State in Cross-examination of Appellant's witnesses on guilt or innocence and punishment in this cause for the reasons that such questions propounded to Appellant's witnesses were asked in bad faith and were designed and calculated to prejudice the minds of the jurors against the Appellant as set out hereinafter."

The appellant argues that by such examination the state sought to inform the jury that he had been convicted by another jury and had been in the Texas Department of Corrections.

The testimony reflects that the appellant lived in Tyler but he had frequently visited in Dallas.

On cross-examination of appellant's reputation witnesses at the punishment

hearing the following testimony was adduced.

 P. E. Isham testified that his contact with appellant in the past few years had been very limited, and appellant had not been living in Tyler or Dallas. Clifford Smotherman testified that his contact with the appellant, his brother, the past seven years had been very limited but he had seen him as often as possible. No objections were made to this testimony. While appellant and another brother were testifying, no questions were asked by the state about appellant's whereabouts in the past few years.

When appellant testified on the guilt stage, he stated his name and then gave his address as "P. O. Box 32, Huntsville, Texas." On cross-examination appellant's witness Isham testified that the last time he saw the appellant "was during the other trial." There was no objection to this testimony. Another Dallas witness testified, without objection, that she had not seen appellant since 1960.

In light of the record the second ground does not present reversible error and is overruled.

■ The record reflects that the appellant has served time for this same offense under the prior conviction which was vacated. The appellant's sentence is hereby reformed to give him credit for the time he served on the prior sentence for this same offense to November 24, 1967, the date of the order vacating the conviction. In North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656, the Court said:

"We hold that the constitutional guarantee against multiple punishments for the same offense absolutely requires that punishment already exacted must be fully 'credited' [13] in imposing sentence upon a new conviction for the same offense. If, upon a new trial, the defendant is acquitted, there is no way the years be spent in prison can be returned to him. But if he is reconvicted, those years can and must be returned—by subtracting them from whatever new sentence is imposed."

The quoted portion of the above opinion refers to footnote 13 which reads:

"Such credit must, of course, include the time credited during service of the first prison sentence for good behavior, etc."

See also: Ex parte Ferrell, Tex.Cr.App., 445 S.W.2d 729; Bennett v. State, Tex.Cr. App., 450 S.W.2d 652.

The sentence, as reformed, is affirmed.