Larry REEVES, Appellant,

v.

The STATE of Texas, Appellee.

No. 07–81–0096–CR.

Court of Appeals of Texas,
Amarillo.

April 20, 1982.

George Harwood, Amarillo, for appellant.

Danny E. Hill, Dist. Atty., Ken Johnson, Asst. Dist. Atty., Amarillo, for appellee.

Before REYNOLDS, C. J., and DODSON and COUNTISS, JJ.

DODSON, Justice.

The appellant Larry Reeves was charged by indictment with the offenses of rape of a child, attempted rape of a child and indecency with a child. The jury convicted him of the offense charged in the first count, rape of a child, and assessed his punishment at confinement in the Texas Department of Corrections for ten years. In three grounds of error, the appellant claims that the trial court erred (1) by denying his motion for continuance, (2) by not appointing an investigator, and (3) by not holding a hearing outside the presence of the jury to determine the admissibility of extraneous offenses. Concluding that the appellant has

not shown that he is entitled to a reversal, we affirm.

In his first ground of error, the appellant contends that the trial court abused its discretion by denying his motion for continuance. The appellant was indicted on 23 April 1981. The transcript indicated that he was appointed counsel on 27 April 1981. On 7 May 1981, the appellant filed his First Motion for Continuance and Waiver of Speedy Trial; the appellant asserted that his attorney, a solo practitioner, had not had adequate time in which to interview the witnesses and prepare a proper defense and that he would be denied the effective assistance of counsel if the case were tried as scheduled the week of 11 May 1981. This motion was denied. Trial was held on 13 May 1981.

■ Appointed counsel is entitled to ten days to prepare for trial. Tex.Code Crim. Pro.Ann. art. 26.04 (Vernon 1966). In this case, counsel had sixteen days in which to prepare for trial. Absent a showing of how the appellant was prejudiced by the fact that his attorney had only sixteen days in which to prepare the appellant's defense, we cannot agree that the trial court abused its discretion in overruling the appellant's motion for continuance. See Sanne v. State, 609 S.W.2d 762, 776 (Tex.Cr.App. 1980) (en banc) (a complex capital murder case in which appointed counsel had only twenty-three days in which to prepare for trial); and Hicks v. State, 508 S.W.2d 400, 402 (Tex.Cr.App.1974) (in which appointed counsel was allowed only twenty-one days, interrupted by the Christmas holiday season, in which to prepare for trial). The appellant's first ground of error is overruled.

■■ The appellant's second ground of error concerns the failure of the trial court to appoint an investigator for him pursuant to Tex.Code Crim.Pro.Ann. art. 26.05 § 1(d) (Vernon Supp.1981). This article does not authorize the trial court to appoint an investigator for a criminal defendant; rather, it permits the court to pay to appointed counsel a reasonable fee, not to exceed five hundred dollars ($500.00), for expenses in-

curred for purposes of investigation and expert testimony. Any such payment is in the form of a reimbursement and is to be made, subject to the court's discretion, *after* the expenses have been incurred. *Wallace v. State*, 618 S.W.2d 67, 70 (Tex.Cr.App. 1981) (en banc). Moreover, the appellant has not shown by bill of exception or otherwise what material evidence he likely would have obtained from the services of an investigator. *See Sanne v. State*, 609 S.W.2d at 776. Under these circumstances, the trial court's refusal to authorize investigative expenses before they were incurred was not an abuse of discretion. The appellant's second ground of error is overruled.

The appellant, in his final ground of error, complains that the trial court "did not hold a hearing outside the presence of the jury to determine the admissibility of extraneous offenses." Prior to trial, the court granted the appellant's motion to hold a hearing outside the presence of the jury to determine the admissibility of the evidence regarding acts of a sexual nature committed by the appellant with the prosecutrix other than those acts for which he was being tried. At trial, prior to the introduction of any such evidence, such a hearing was held outside the presence of the jury. At the hearing, the State argued that, in a statutory rape case, any evidence concerning other sexual contact or conduct between the victim and the defendant is admissible. The appellant did not object to the State's position, but asserted that he was entitled to know in advance the specific incidents which the State intended to introduce into evidence. His objection was overruled. The crux of the appellant's argument on appeal, asserted without the citation of any authority, is that he "was never given the opportunity to hear about the alleged extraneous offenses except in front of a jury," which deprived him of an opportunity to prepare any defense or rebuttal to those offenses.

■ The appellant's motion to determine the admissibility of extraneous offenses contained no request to discover any specific instances that the State might in-

**664**

troduce. In this connection, a defendant in a criminal case does not have a general right to discover evidence in the possession of the State prior to the introduction of the evidence at trial. *See Quinones v. State*, 592 S.W.2d 933, 940 (Tex.Cr.App.1980) (en banc), *cert. denied*, 449 U.S. 893, 101 S.Ct. 256, 66 L.Ed.2d 121 (1980), *reh'g denied*, 449 U.S. 1027, 101 S.Ct. 600, 66 L.Ed.2d 490 (1980). Under Tex.Code Crim.Pro.Ann. art. 39.14 (Vernon 1979), the trial court, upon proper motion by the defendant, can, in its discretion, order the State to produce certain evidence in its possession for copying and inspection. Without considering whether the evidence complained of in the present case was discoverable, we restate that no motion for discovery was made by the appellant. The motion that was made concerned the admissibility, rather than the discoverability, of the State's evidence.

In addition, the record shows that before the State offered any evidence of extraneous offenses, its counsel approached the bench and, outside the jury's presence, advised the court and counsel for the appellant that the State intended "to go into" incidents of sexual contact between the appellant and the prosecutrix that occurred either prior to or after the incident alleged in the indictment. The trial court, relying on *Garcia v. State*, 573 S.W.2d 12 (Tex.Cr.App.1978); *Smotherman v. State*, 455 S.W.2d 285 (Tex.Cr.App.1970); and *Martin v. State*, 400 S.W.2d 919 (Tex.Cr.App.1966), *cert. denied*, 385 U.S. 961, 87 S.Ct. 399, 17 L.Ed.2d 306 (1966), ruled that the evidence of extraneous offenses such as these would be admissible. The appellant does not challenge this ruling. Under these circumstances, we find that no reversible error is presented by the last ground of error.

In summary, we overrule the appellant's three grounds of error. The judgment is affirmed.