**Kenneth Leroy McINTIRE, Jr., Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–82–231–CR.**

Court of Appeals of Texas, Corpus Christi.

Oct. 27, 1983.

Discretionary Reviews Granted March 28, 1984.

Jeffrey W. Jones, Harlingen, on appeal only, for appellant.

Malcolm S. Nettles, Reynaldo Cantu, Jr., Brownsville, for appellee.

Before NYE, C.J., and YOUNG and KENNEDY, JJ.

## OPINION

NYE, Chief Justice.

In a jury trial, appellant was convicted of the offenses of aggravated sexual abuse and indecency with a child. Punishment, also determined by the jury, was assessed at twenty-five years imprisonment for the aggravated sexual abuse and five years imprisonment for the indecency with a child. Both appellant, acting *pro se,* and appellant's counsel have filed briefs in which a total of fifty grounds of error are asserted. The sufficiency of the evidence to support the conviction is not challenged. We affirm the decision of the trial court, but reform the judgment to reflect a conviction and sentence only for aggravated sexual abuse.

The State adduced evidence showing that Mr. Efrain Estrada, Mr. Demetrio Medrano, Ms. Irma Garcia, Mr. Francisco Rosas, Ms. Maria Hernandez, Ms. Ofelia Dorado, and Ms. Maria Gonzalez either heard or saw appellant talking with the 11-year-old complaining witness on the day of the offense. Ms. Gonzalez testified that appellant lived "[R]ight along side me, about six feet away" and that her windows faced his windows. Ms. Gonzalez, Mr. Estrada, and Mr. Medrano testified that they observed appellant through an open window perform anal intercourse on the complaining witness. The complaining witness also testified that appellant performed anal intercourse upon him.

■ In his first ground of error, appellant contends that the trial court erred by overruling the Motion for New Trial on the ground that the right to file the Motion was waived because appellant had previously filed a *pro se* notice of appeal. We note, however, that the trial court also wrote that the Motion presented "nothing for hearing." Appellant was not harmed by the trial court's action; that is, none of his grounds of error were waived and he is not prejudiced on this appeal. Appellant's first ground of error is overruled.

■ In his second ground of error, appellant contends that the trial court erred by finding that his Motion for New Trial "presented nothing for hearing" because the Motion includes a juror's Affidavit which appellant contends shows that (a) the jury agreed to abide by a quotient verdict (also challenged by appellant's twelfth *pro se* ground of error); (b) appellant was injured by a prejudicial remark made by a non-juror to a juror out of the presence of the court; and, (c) the jury discussed the parole law in arriving at its verdict. The juror's affidavit stated:

"I remember one of the jurors suggested we ought to figure out what each one of us thought [appellant] should get and then we should just take the average .... Anyway, we made out little slips of paper with the number of years we thought he should get on it .... Then we averaged them all up and the average was twenty-seven years. The two jurors who were holding out for less than ten years agreed to change to twenty-five years and that's how we all finally agreed to twenty-five years."

A jury verdict arrived at by such means will not be overturned unless it is shown that the jurors agreed in advance to be bound by the result of the averaging process. *Martinez v. State,* 496 S.W.2d 612 (Tex.Cr.App.1973); *Brown v. State,* 475 S.W.2d 938 (Tex.Cr.App.1971). There is no showing that the jurors agreed to be bound by the average result. No error is shown.

Appellant next contends that the juror's affidavit shows he was harmed because a particular juror stated that, after an adjournment during the guilt or innocence phase of the trial, a witness asked him, "What do you do with a guy like that?" The juror ignored the remark and said nothing.

■ When a juror converses with an unauthorized person about a case, harm is generally presumed. However, the defendant must establish that the discussion involved matters concerning the specific case at trial. *Romo v. State,* 631 S.W.2d 504 (Tex.Cr.App.1982). In addition, the defendant must show that the conversation operated to prejudice his rights. *Starvaggi v. State,* 593 S.W.2d 323 (Tex.Cr.App.1979); *Wilkes v. State,* 566 S.W.2d 299 (Tex.Cr. App.1978); *Stein v. State,* 514 S.W.2d 927 (Tex.Cr.App.1974).

■ The "conversation" complained of was an unsolicited question from one of appellant's own character witnesses. The question did not in itself concern specifics of appellant's proceedings. The off-hand remark by appellant's own witness, unresponded to, did not constitute reversible error. See *Romo v. State, supra.*

Appellant next contends that the jury improperly discussed the parole law because the juror stated in the Affidavit that:

"Of course we all discussed parole several times before we finally agreed on the twenty-five years. I remember someone saying during one of the discussions about parole, 'How do you rehabilitate a man like that?'"

■ Appellant must show that the jury's discussion of the parole law denied him a fair and impartial trial. This requirement may still be met in Texas by showing that even a single juror voted for increased punishment because of the discussion of the parole laws. *Munroe v. State,* 637 S.W.2d 475 (Tex.Cr.App.1982). There was no showing that appellant received increased punishment, or was in any way denied a fair trial, because of the parole discussion. Appellant's arguments are overruled.[1]

■ In his third ground of error, appellant contends that the trial court erred by refusing to grant appellant a hearing on his Motion for New Trial. Appellant argues that he has the absolute right to have the Motion *heard.* This is not so. For instance, a motion for new trial may be overruled by operation of law. Article 40.05 of the Code of Criminal Procedure (Vernon Supp.1981). The questions presented by appellant's motion were determinable from the record itself and from the juror's affidavit. Under such circumstances, we find no error in the overruling of the Motion without a hearing. See *Darrington v. State,* 623 S.W.2d 414 (Tex.Cr.App.1981); *Hilton v. State,* 443 S.W.2d 843 (Tex.Cr.App.1969). We hold that the trial court did not abuse its discretion. *Appleman v. State,* 531 S.W.2d 806 (Tex.Cr.App.1975); *Beal v. State,* 520 S.W.2d 907 (Tex.Cr.App.1975). Appellant's third ground of error is overruled.

In his fourth, fifth, and sixth grounds of error, appellant contends that since his warrantless arrest was illegal, the trial court erred by allowing testimony from the arresting officers and photographs of appellant's residence to be adduced into evidence. In his *pro se* brief, appellant makes similar contentions in grounds of error four through six.

■ We note that appellant failed to object either to the illegality of the arrest or to the admission of the challenged evidence. Therefore, there is nothing pre-

---

1. See concurring opinion in *Collins v. State,* 647 S.W.2d 719 at 721–23 (Tex.App.1982) for a discussion of this problem.

served for appeal. *Esquivel v. State,* 595 S.W.2d 516 (Tex.Cr.App.1980). Even if an objection had been made, it would not have been reversible error. Deputy David Martinez testified that he entered appellant's apartment without knocking, saw the complaining witness and determined that he was all right. He then went to the doorway of appellant's bedroom, announced himself as a police officer, and later placed appellant under arrest. The photographs of which appellant complains depicted the exterior of his residence, an automobile allegedly used by him, and various scenes inside his house, including his bed, bedroom, and "shorts."

An unlawful arrest is not an evidentiary element of a conviction, and will not in itself require a reversal. *Lyles v. State,* 582 S.W.2d 138 (Tex.Cr.App.1979); *Johnson v. State,* 548 S.W.2d 700 (Tex.Cr.App.1977). In addition, even the improper admission of such evidence will not cause a reversal unless there is a reasonable possibility that the evidence might have contributed to the conviction. *Vanderbilt v. State,* 629 S.W.2d 709 (Tex.Cr.App.1981); *Gutierrez v. State,* 628 S.W.2d 57 (Tex.Cr.App.1980). Under the facts of this case, including eye-witness accounts of the crime and appellant's failure to challenge the sufficiency of the evidence, we find that error, if any, was harmless. These grounds of error are overruled.

In his seventh through tenth grounds of error, appellant contends that the prosecutor engaged in improper jury argument at both the punishment and guilt-or-innocence phases of the trial by referring to appellant as a "homosexual" and as a "child abuser." Neither jury argument is before us as part of the appellate record. Appellant seeks to preserve error by enclosing Bills of Exception, approved by the trial court, which outlines the argument now complained of. Each Bill of Exception notes that no objection was made to the challenged argument; thus, appellant's grounds are once more waived. Even if the complaint had been preserved, again, we would not find reversible error. The argu-

ment, in light of the record as a whole, was not extreme or manifestly improper. It was not violative of a mandatory statute, and did not inject new facts, harmful to the accused, into the trial proceedings. *Todd v. State,* 598 S.W.2d 286 (Tex.Cr.App.1980). In addition, the prosecutor's remarks were correct conclusions drawn from the evidence. See *Murray v. State,* 505 S.W.2d 589 (Tex.Cr.App.1974); *Hart v. State,* 161 S.W.2d 791 (Tex.Cr.App.1942). No error is shown.

In his tenth *pro se* ground of error, appellant complains of other improper argument; however, there is again no showing of an objection to the argument, and it is unclear from appellant's brief exactly what the allegedly improper argument was, where in the record it could be found, or even whether the argument was improper. The ground of error is overruled.

In his eleventh ground of error, appellant contends that he was prejudiced by the prosecutor's reference to a pornographic magazine found by the police, but which had been excluded from evidence by the able trial judge. The complaint arose during cross-examination of a defense character witness who had testified on direct examination that appellant was an active church member. The prosecutor asked if the witness, when in appellant's house, had ever observed pornographic magazines, and whether it would be against that church's principles to view such magazines. Appellant also seeks to show by a Bill of Exception, refused by the trial court, that a similar reference was made during jury argument at the punishment stage of the trial. Once again there was no objection to the argument complained of, and we deem the ground waived. Even if error were preserved, however, we find no reasonable possibility that such evidence contributed to the conviction.

In his twelfth ground of error, appellant contends that the trial court erred by receiving the photographs of appellant's automobile, bed, bedroom, and "shorts." Handwritten notations below each photo-

graph conveyed messages such as "Vehicle believed to be used by suspect to bring in some children," and "Bed ... where suspect ... was sexually abusing a child." Appellant contends (1) that the person who made the notations never was identified, so that he was deprived of his right of confrontation and, (2) that the notations were hearsay and prejudicial. Appellant did not object to the admission of the photographs into evidence; and, thus, no error is preserved. Error, if any, would be harmless in light of eyewitness testimony that established the matters that were contained in the notations.

▮ In his thirteenth ground of error, appellant contends that the trial court erred by receiving evidence of extraneous offenses allegedly committed by appellant on the complaining witness, who testified that appellant had performed anal intercourse on him "four or five times." There was no objection to the testimony, and nothing is preserved for review.

▮ Had the ground been preserved, we would not have found it reversible error. An extraneous offense is admissible to prove a contested issue at trial, such as intent, motive, system or as part of the "res gestae" of the offense on trial. *Chambers v. State,* 601 S.W.2d 360 (Tex.Cr.App.1980). This is especially true when the testimony shows and explains the unnatural attention and conduct which appellant showed toward the complaining witness. *McDonald v. State,* 513 S.W.2d 44 (Tex.Cr.App.1974). We note also the analogy between the case before us and cases allowing testimony of prior acts of intercourse upon the victim of a statutory rape. See *Williams v. State,* 490 S.W.2d 604 (Tex.Cr.App.1973); *Smotherman v. State,* 455 S.W.2d 285 (Tex.Cr.App.1970); *Garcia v. State,* 629 S.W.2d 196 (Tex.App.—Corpus Christi 1982, d.r. ref'd). No error is shown.

Appellant raises a number of independent grounds of error in his *pro se* brief. He first contends that the State suppressed favorable testimony by "knowingly using perjured testimony" because the complaining witness testified at the examining trial that he had not had sexual contact with appellant, but changed his story at the guilt-or-innocence phase of trial.

The events transpiring at the examining trial are not a part of the appellate record. Appellant seeks to obtain appellate review by means of both a Bill of Exception and an Affidavit attached to his Motion for New Trial. The Affidavit was given by a Mr. Charles Spence, who later testified as a character witness on appellant's behalf at the trial on the merits. Mr. Spence stated that the complaining witness responded to the prosecutor's questions by saying that he had engaged in sexual contact with appellant, but in response to defense questions, answered that there was no sexual contact. The Bill of Exception was refused by the trial judge.

▮ Assuming that the contention was preserved for review, this is not a situation where the prosecution "deliberately presents a false picture." If the testimony of the complaining witness conflicted, it was appellant's right to point out the contradictions and to attempt to impeach his credibility. Several eyewitnesses corroborated the challenged portion of the child's story. There was no complicity on the part of the State, and no error is shown.

▮ In his second *pro se* ground of error, appellant contends that the prosecutor suppressed "testimony" by telling the jury that a "girlie" magazine was found in plain view, when in fact the state had a photograph which proved that the magazine had been concealed. We do not see how suppression of this "favorable" evidence resulted in "fatal prejudice" in the minds of the jury. In addition, the prosecutor offered the photograph into evidence, but appellant's own counsel objected to its admission. The trial court sustained the objection. Again, no error is shown.

In his third *pro se* ground of error, appellant contends that the State failed to prove "[a]n essential element common to all charges in the indictment", namely, ". . . with intent to arouse and gratify the sexual desire of the defendant . . . ." Appellant

argues that only he could have known what his own intent was.

In order to commit the offense of Aggravated Sexual Abuse, the accused must have had the specific intent to arouse or gratify the sexual desire of a person. "A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result." Tex.Penal Code Ann. § 6.03(a) (Vernon 1974). "Intent can be inferred from the acts, words, and conduct of the accused." *Romo v. State,* 593 S.W.2d 690 (Tex.Cr.App.1980); *Beltran v. State,* 593 S.W.2d 688 (Tex.Cr. App.1980). The intent of a defendant may always be ascertained or inferred from the means used to commit the offense, and becomes a question of fact to be determined by the trier of facts from all the facts and circumstances in evidence. *Hemphill v. State,* 505 S.W.2d 560 (Tex.Cr.App.1974). The evidence adduced by the State showed that appellant possessed the requisite specific intent to commit the offense with which he was charged. The ground of error is overruled.

Appellant deleted his seventh *pro se* ground of error, but contends in his eighth *pro se* ground of error that the charge to the jury was fundamentally defective because, in three paragraphs of the charge, the jury was not required to find a culpable mental state. Two of the contested paragraphs merely cite abstract principles of law. The third paragraph applies the facts of this case to the offense of aggravated sexual abuse, but did not require the jury to find that appellant acted "knowingly and intentionally." However, "[W]here the gravamen of an offense is an act coupled with a specific intent, pleading the requisite specific intent is sufficient to allege a culpable mental state." *Ex Parte Prophet,* 601 S.W.2d 372 (Tex.Cr.App.1980); *Clark v. State,* 558 S.W.2d 887 (Tex.Cr.App. 1977).

The charge incorporated the requisite mental state of "intent to arouse and gratify [appellant's] sexual desire." Additional allegations of "intentionally and knowingly" were unnecessary, and failure to include them in the charge would not undermine the validity of the charge. *Rogers v. State,* 598 S.W.2d 258, 259 (Tex.Cr. App.1980). No error is shown.

In his ninth *pro se* ground of error, appellant contends that the State "tampered" with the complaining witness because the record demonstrates that the complaining witness testified that he had talked about the case with his mother, the prosecutor, and a Mr. Alvarado (alleged by appellant to be an "officer of the court"). No error is shown.

In his eleventh and thirteenth *pro se* grounds of error, appellant asserts violations of his right to a fair trial by an impartial jury. The juror's Affidavit contained allegations (1) that, "[d]uring deliberations, at times other jurors spoke only Spanish and I didn't understand all that they were saying" and that (2) one juror "displayed a personal bias ... against the appellant when ... he stated that [he would recommend punishment of] '50 years, because I don't want to see that pantywaist around for a long time.'" Appellant cited as general authority for his argument the case of *Irvin v. Dowd,* 366 U.S. 717, 81 S.Ct. 1639, 6 L.Ed.2d 751 (1961) without discussion.

Whether appellant must be granted a new trial for jury misconduct depends on whether the misconduct denied him a fair and impartial trial. Not all jury misconduct violates this standard. *Heredia v. State,* 528 S.W.2d 847 (Tex.Cr.App.1975). In the case before us, the juror's affidavit even states that "We had no trouble finding [appellant] guilty .... I think we were all agreed almost from the beginning that [appellant] was guilty." The "misconduct" allegedly asserted in the juror's affidavit does not reveal that any juror was influenced by improper means, and shows only normal reactions to the evidence adduced at trial. No error is shown.

In the numerous remaining grounds of error in each brief, appellant contends that his trial counsel failed to make certain objections, failed to preserve certain trial errors, and failed to present certain defensive matters or theories, all of which inured to appellant's detriment. However, most of the discussion accompanying the argument is conclusory, and the citation of authority, if any, is general and not applied to the facts of this case. Many of the assignments of error concern trial counsel's failure to preserve error on matters we have previously considered.

■ The test to be applied in determining whether the defendant's counsel provided constitutionally satisfactory services is the "reasonably effective assistance" standard. Such a determination is based upon the totality of counsel's representation. *Ferguson v. State,* 639 S.W.2d 307 (Tex.Cr. App.1982).

"The constitutional right to counsel, whether counsel is appointed or retained, does not mean errorless counsel or whose competency or adequacy of his representation is to be judged by hindsight." *Ex Parte Robinson,* 639 S.W.2d 953 (Tex.Cr. App.1982). "Ineffective assistance of counsel cannot be established by separating out one portion of the trial counsel's performance for examination." *Bolden v. State,* 634 S.W.2d 710 (Tex.Cr.App.1982). "An allegation of ineffective counsel will be sustained only if it is firmly founded and the record affirmatively demonstrates counsel's alleged ineffectiveness." *Ex Parte McWilliams,* 634 S.W.2d 815 (Tex.Cr.App.1982).

■ Various factors which must be examined in determining from the record whether counsel was effective include pretrial motions; voir dire examination; cross-examination; the production of defense witnesses; objections; final argument, participation in preparation of the charge, post-trial procedure; and the degree of counsel's knowledge of the facts surrounding the accused's case. See, collectively, *Ferguson v. State,* supra, *Bolden v. State,*

supra; *Romo v. State,* 631 S.W.2d 504 (Tex. Cr.App.1982).

■ Our review of the rather voluminous record reveals that appellant's trial counsel did provide "reasonably effective assistance" in the face of overwhelming eyewitness evidence of appellant's guilt. Before trial, counsel attempted to fashion a defense of mental incompetency. During trial, counsel performed extensive and effective cross-examination of the eyewitnesses, located respectable character witnesses to testify in appellant's behalf, and displayed a thorough knowledge of all of the facts surrounding appellant's case. We do not find that counsel's omissions mandate reversal under the totality of circumstances surrounding this case. All of appellant's grounds of error are overruled.

Finally, we have one other matter that needs to be determined. The indictment contained three paragraphs which respectively charged appellant with committing: (1) aggravated sexual abuse of a child by placing his genitals in contact with the anus of the complainant; (2) aggravated sexual abuse of a child by placing his mouth in contact with the genitals of the complaining witness; and (3) indecency with a child. The jury found appellant guilty of both Aggravated Sexual Abuse of a Child and Indecency with a Child. Punishment was assessed at twenty-five years imprisonment for the former offense. The formal judgment of conviction and sentence reflected both convictions. This action of the trial court is mentioned in appellant's *pro se* brief as one of his "ineffective assistance of counsel" grounds of error.

In *Garcia v. State,* 574 S.W.2d 133 (Tex. Cr.App.1978), no objection was made at trial to the misjoinder of offenses and the issue was not assigned as error on appeal. The Court of Criminal Appeals addressed the matter in the interest of justice under Art. 40.09 Sec. 13 of the Code of Criminal Procedure.[2] In that case, the indictment under which the defendant was prosecuted contained four separate counts that charged

2. This provision was repealed by Acts 1981, 67th Leg. p. 804 ch. 291 § 108.

the defendant with two murders and two aggravated assaults. The victims were four different individuals and the defendant was convicted of all four offenses. The Court noted that, whenever a single indictment charges two or more distinct felonies in different counts, the accused may be convicted on only one count. See *Beaupre v. State*, 526 S.W.2d 811 (Tex.Cr.App.1975); *Ex parte Easley*, 490 S.W.2d 570 (Tex.Cr. App.1972). This rule has been abolished with respect to offenses against property. See Art. 21.24 Tex.Code Crim.Pro.Ann. (Vernon Supp.1982–83) and Sec. 3.01 through 3.04 Tex.Penal Code Ann. (Vernon 1974).[3]

■■■■ The offenses alleged in the indictment here are not property offenses. Hence, only one count of the indictment can support a judgment of conviction. As noted by Presiding Judge Onion in *Easley, supra,* a trial court, after having found a defendant guilty and having assessed punishment on the first count of an indictment, is without legal authority to then enter judgment and pronounce sentence against the defendant on the second count. We read *Easley* and *Garcia* as requiring the appellate court to review this issue even where no objection was made at trial.

Accordingly, we have reviewed the record in this case and have found that punishment was first assessed for the offense of Aggravated Sexual Abuse. The judgment of conviction for Indecency with a Child is reversed and the judgment and sentence is reformed to show that appellant is convicted only for the offense of Aggravated Sexual Abuse. As reformed, the judgment of the trial court is AFFIRMED.

---

**3.** Article 21.24, supra, provides in part:
"(a) Two or more offenses may be joined in a single indictment, information, or complaint, with each offense stated in a separate count, if the offenses arise out of the same criminal episode, as defined in Chapter 3 of the Penal Code."
§ 3.01 provides:

"In this chapter, 'criminal episode' means the repeated commission of any one offense defined in *Title 7* of this code (Offenses Against Property)."
§ 3.02 provides in part:
"(a) A defendant may be prosecuted in a single criminal action for all offenses arising out of the same criminal episode."