Sharon Lynn BURKE, Appellant,

v.

The STATE of Texas, State.

No. 2–84–118–CR.

Court of Appeals of Texas,
Fort Worth.

June 13, 1985.

John L. Burke, Dallas, for appellant.

Jerry Cobb, Dist. Atty., and Jim E. Crouch, Asst. Denton, for appellee.

Before BURDOCK, JOE SPURLOCK, II and HILL, JJ.

## OPINION

JOE SPURLOCK, II, Justice.

On January 23, 1984, appellant Sharon Lynn Burke, appeared with counsel in open court and pled guilty to the misdemeanor offense of driving while intoxicated. The court found her guilty and sentenced her to confinement in jail for 90 days, probated for a period of 24 months, together with a fine of $350.00 and costs of court. Burke appeals complaining of the trial court's action on her motion for new trial.

We affirm.

Burke raises four grounds of error. In ground of error one she complains that the court failed to hear evidence by affidavit or otherwise in violation of TEX.CODE CRIM. PROC.ANN. art. 40.06 (Vernon 1979). In ground of error two she complains of the court's failure to sign a proposed order following a hearing concerning the motion for new trial. She complains in ground of error three of the court's entering an "Order in Adjudication" and an "Order on Objection to the Record" as they in error limit her exhibits on appeal. In ground of error four she complains of the same order because certain correspondence was deleted and certain of her objections were overruled in connection with the same hearing.

Burke appeared in open court in Denton County, Texas, and pled guilty to the offense of driving while intoxicated and was put upon probation and charged a fine. Thereafter her father, a licensed attorney in the State of Texas, filed with the court a motion for new trial. The underlying basis of the motion for new trial was that Burke, a student at North Texas University, should have plea bargained for deferred adjudication. She states in her motion that

her plea of guilty *was not voluntarily made* because the prosecutor said the court usually didn't defer DWI adjudication. Her father had believed that was what the attorney he had hired to appear for her would do at the time the case was set for hearing on January 23, 1984. However, the motion for new trial did not attack the judgment of the court or the trial of the case on any of the grounds alleged in TEX. CODE CRIM.PROC.ANN. art. 40.03 (Vernon 1979), nor in art. 40.04 of the Code. It wholly fails to state any grounds for new trial which are required by the Code.

The motion for new trial was filed on the 21st of February, 1984. The court signed an order on March 1st setting the motion for hearing on the 26th of March at 2:00 p.m. The record reflects that notices were sent on the setting, however, it is undisputed that notice was not sent to John L. Burke the appellant attorney in fact for Sharon Burke. On the 23rd of March, the State filed its controverting motion pointing out to the court that Burke's motion stated no grounds for new trial required by the Code and further that there was no sworn affidavit attached to the motion for new trial executed by appellant. The only record that the hearing on the 26th of March occurred was an interlined docket notation that Burke did not appear. On April 3rd Sharon Burke filed with the court her sworn affidavit in support of her motion for new trial.

A hearing was held on the 16th of April, 1984 at which the attorney for appellant and an Assistant District Attorney appeared. At this hearing the court took judicial notice that more than 75 days had elapsed since the trial. The court specifically refused to make findings on the merits on the motion for new trial believing it was overruled by operation of law. The court found it did not have any power to enter any orders and refused to do so.

■ Appellant's primary contention is that after she filed her motion for new trial, the court in fact held no hearing, as her attorney was never given notice of the hearing itself. Appellant relies upon the language contained in TEX.CODE CRIM. PROC.ANN. art. 40.06 (Vernon 1979), as follows:

> The State may take issue with the defendant upon the truth of any cause set forth in the motion for a new trial; and in such case, the judge *shall hear evidence,* by affidavit or otherwise, and determine the issue. [Emphasis supplied.]

Her argument is that this is a mandatory duty upon the trial court and should the court fail to comply with this duty, that such failure denies her a fair and impartial hearing and is reversible error. We disagree.

It is apparent in this case that the motion for new trial filed by appellant failed to comply with the requirements of TEX. CODE CRIM.PROC.ANN. art. 40.03 or art. 40.04 (Vernon 1979). There were no grounds alleged in the motion raising any necessity for a hearing on such motion. The basis in fact for the motion was a plea to the court on behalf of a father for his daughter because of an apparent instruction either received or perceived incorrectly by her trial counsel. However, the motion for new trial itself does not comport with the requirements of the Code. Complicating the issue was that the notice of the hearing set by the court was sent to the wrong attorney. However, we find that the clear reading of the Code of Criminal Procedure does not require a hearing in fact be held upon a motion for new trial.

TEX.CODE CRIM.PROC.ANN. art. 40.-05(a) (Vernon Supp.1985) provides: "A motion for new trial, if filed, shall be filed prior to or within 30 days after the date of the sentence is imposed or suspended in open court." The sentence in this case was issued on the 23rd day of January 1984. Appellant complied with this provision by filing her motion for new trial on the 21st day of February 1984. Section (c) of art. 40.05 further provides:

> In the event an original or amended motion for new trial is not determined by written order signed within 75 days after the date the sentence is imposed or suspended in open court, it shall be con-

sidered overruled by operation of law on expiration of the period.

As no actual hearing was held on the 26th day of March, and no hearing occurred in this matter otherwise until the 16th day of April 1984, this provision became operative so that the motion was overruled and the judgment became final on April 9, 1984. At that time the court lost jurisdiction to enter any orders in the case. *See Ex parte Ybarra*, 629 S.W.2d 943, 945 (Tex.Crim. App.1982).

Section (d) of art. 40.05 provides in part that, "It shall be the duty of the proponent of an original or amended motion for new trial to present the same to the court within 10 days after the same is filed." There is no showing in this record that the motion was called to the attention of the court other than the statement by appellant's attorney that he sent a letter on February 28th to the court requesting that if the State took issue with the motion for new trial then appellant wanted notice whether the court was going to hear the case by affidavit or have a hearing. There is no other showing that any communication was had with the court or request made by appellant for an actual hearing upon her motion for new trial at any time, until after the 75 days had expired.

In considering the trial court's duty under art. 40.06 we must first look at the requirements for the motion listed in art. 40.04. We note that "[a]lthough the Code of Criminal Procedure has never required that a motion for new trial be verified, case law has long held that, without verification, a motion for new trial based on jury misconduct is insufficient as a pleading." *Bearden v. State*, 648 S.W.2d 688, 690 (Tex.Crim.App.1983). In the *Bearden* case, although the Court of Criminal Appeals was talking about jury misconduct, and the necessity for an affidavit concerning the same, because that would be an extraneous matter necessarily hearsay to the accused, the court nevertheless was discussing the issue that when grounds for new trial are *outside of the record* an appellant "must support it by his own affidavit or *the affi-*

*davit of someone else* specifically showing the truth of the grounds of attack." *Id.* Citing *Hicks v. State*, 75 Tex.Crim. 461, 171 S.W. 755 (1914).

In this case the single ground stated in the motion for new trial is not a statutory ground upon which the court could grant a new trial. Burke nevertheless urges that the ground of error that her "plea of guilty was persuavive [sic] or involuntary" under certain stated facts and circumstances, is a ground for new trial, citing us to 25 Tex. Jur.3rd *Criminal Law* sec. 3464 (1983). We have read her reference and the cases annotated therein, and find they are all distinguishable from this case on appeal. We note that the phraseology relied on by Burke and used by the editors of Tex. Jur.3rd is not language from any case. The cited cases deal with alleged instances of prosecutorial fraud, or force, threats, promises or illiteracy, affecting an individual's free will.

■ The circumstances stated in the motion, and later in the affidavit, concern Burke's supposed eligibility for deferred adjudication, and her father's belief she should have plea bargained for that. Certain miscommunications between her father and her trial attorney concerning her plea are alleged. All are matters outside of the record and require an affidavit to support the ground stated. This affidavit, even if sufficient, was not filed until April 3rd, long after Burke's request for a hearing and a notation of the hearing was made on the docket sheet. We note that Burke testified at the trial that her plea was *not* the result of force, a trick, or deceit, but was the result of a plea bargain agreement. At best, the motion and affidavit, instead of alleging any grounds for a new trial, only hint at the question of whether or not the plea was voluntary as a matter of law. The affidavit does not specifically show the truth of the ground of attack upon her plea.

■ Burke has cited us to no case authority which would establish that what she alleges to be facts would result in her plea being considered involuntary. We

find the court could (and may) have conducted any hearing in this case by simply considering the affidavit and motion in chambers. Burke's entire contentions are that the judge may not have ever read the affidavit, at least he never said he did. Burke alleges the court had a duty to do so. We disagree.

We find the issue is well settled in this state concerning the court's duty in connection with art. 40.06 by the rule stated by the Court of Criminal Appeals in the case of *Vallone v. State*, 141 Tex.Cr.R. 220, 147 S.W.2d 227 (1940), when it was writing concerning TEX.CODE CRIM.PROC.ANN. art. 757, the precursor to our present 40.06:

> In our opinion the trial court, under the article quoted above, could, in his discretion, decline to hear oral evidence. [Citations omitted.] The granting or the refusal to sustain a motion for new trial ordinarily rests within the sound discretion of the trial court and unless it is made to appear that he abused his discretion this court would not be justified in reversing the judgment.

*Id.* at 230. Under the facts of this case we conclude as the Court of Criminal Appeals did in the *Vallone* case that the trial court did not abuse its discretion in this matter.

This issue has recently been considered in *McIntire v. State*, 662 S.W.2d 65 (Tex. App.—Corpus Christi 1983, pet. granted). McIntire had argued that he had an absolute right to have the motion for new trial *heard* but that the trial court had refused to grant a hearing. The court held there was no abuse of the trial court's discretion in refusing to hold a hearing and that McIntire did not have an absolute right to be heard. The court noted that art. 40.05 of the Code of Criminal Procedure provides that the motion may be overruled by operation of law and further found that the questions presented by McIntire were determinable from the record and a juror's affidavit. *Id.* at 69. We hold that the trial court could determine all it was required to do from the record before it and the motion on file and did not abuse its discretion in

not hearing evidence. We overrule ground of error one.

We have considered the arguments advanced in grounds of error two, three and four and have reviewed the record in this matter and find that they are without merit and overrule the same.

The judgment is affirmed.