**Guadalupe MEDINA, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 04–87–00393–CR.**

Court of Appeals of Texas,
San Antonio.

March 16, 1988.

Joe Mike Egan, Jr., Kerrville, for appellant.

E. Bruce Curry, David Motley, Dist. Attys. Office, Kerrville, for appellee.

Before ESQUIVEL, BUTTS and DIAL, JJ.

## OPINION

BUTTS, Justice.

A jury found appellant guilty of the felony offense of driving while intoxicated. TEX.REV.CIV.STAT.ANN. art. 6701*l*-1(e)(1), (2) (Vernon Supp.1988). Punishment was set at 4 years' imprisonment plus a fine of $500.00.

Appellant raises two points of error: First, that the trial court erred in denying his motion for the sum of $300.00 to compensate an expert witness pursuant to articles 26.05, § 1(d) and 26.055, § 3(a)(3) and (4).[1] Second, the second enhancement allegation was void because appellant was indigent, not represented by counsel and did not execute a valid waiver of counsel nor otherwise validly waive counsel at the time of conviction.

Appellant complains that the court's denial of his motion for $300.00 to pay an expert witness resulted in a violation of his right to effective assistance of counsel and equal protection of the laws. We note at the outset that TEX.CODE CRIM.PROC. ANN. art. 26.055, § 3(a)(3), (4) is not applicable in this case because it expressly limits State contributions to those defense expenses incurred defending prisoners prosecuted for an offense committed while in custody. Thus, we look only to article 26.-05.

Article 26.05, § 1(d)[2] provided that an appointed counsel representing an accused shall be paid from the general county fund:

(d) For expenses incurred for purposes of investigation and expert testimony, a reasonable fee to be set by the court but in no event to exceed $500.

\* \* \* \* \* \*

Appellant submitted his request for $300.00 before trial and before the expert had been employed or any expenses incurred. It is clear that counsel is entitled to reimbursement of expenses only after they are incurred and even then reimbursement is discretionary with the court. *Wallace v. State*, 618 S.W.2d 67, 70 (Tex.Crim. App.1981). Therefore, the trial court's refusal to authorize expenses before they were incurred was not error or an abuse of discretion. *Id.; Reeves v. State*, 632 S.W.2d 662, 663 (Tex.App.—Amarillo 1982, no pet.).

It was the State's burden to show that appellant was intoxicated on or about March 2, 1987, while driving a car in a public place in Kerr County. The State's theory was that appellant did not have the normal use of his mental or physical faculties by reason of intoxication. Five police officers testified that appellant was "drunk," "intoxicated," or "very intoxicated," and that appellant had lost the normal use of his mental and physical faculties. In addition, police officers related the results of several "field tests" of sobriety which indicated to them that appellant was intoxicated.

Appellant testified he had consumed only five bottles of beer spaced over a five hour period prior to his arrest. In addition, other defense witnesses testified he was not intoxicated when they were with him. However, none was with appellant for the entire period. Neither were they present at the time of his arrest.

Appellant sought $300.00 for expenses of the expert who is a practicing pathologist in Austin. In his argument to the court defense counsel said the expert would testi-

---

**1.** TEX.CODE CRIM.PROC.ANN. arts. 26.05 and 26.055 (Vernon Pamph.Supp.1986).

**2.** Article 26.05 has been amended. *See,* (Vernon Pamph.Supp.1988).

fy to the effect of five beers on appellant's use of his mental and physical faculties. That had appellant consumed only five bottles of beer, as he testified, he would not be intoxicated and would not have lost normal use of his mental or physical faculties. The expert would testify based upon a hypothetical question. No affidavit of the expert was presented or attached to the motion. *See Barney v. State,* 698 S.W.2d 114, 126 (Tex.Crim.App.1985). Failure to provide funds before any expenses were incurred was not error under these circumstances. The first point of error is overruled.

The second point is that the trial court erred by denying appellant's pretrial motion to dismiss based upon violation of the Sixth and Fourteenth Amendments to the United States Constitution, specifically, that the second enhancement allegation in the indictment was void because appellant was indigent, was not represented by counsel, and did not execute a valid waiver of counsel nor otherwise validly waive counsel.

The second enhancement allegation concerned Cause No. CR–86–1587 in the County Court at Law of Kerr County. Before entering a plea of guilty and receiving a probated sentence, appellant signed a "waiver of appointment of attorney and jury trial by defendant." This document provided:

Now comes Guadalupe Medina, the defendant in this cause and represents to the court that he has no attorney, that he does not intend to employ counsel herein, and that he waives any right he may have, on application therefore, to have the court appoint an attorney to defend him in this cause;

Defendant further represents to the court that he desires to make immediate disposition of this case by here and now entering his plea of guilty herein, waiving trial by jury and submitting it to the court an [sic] all issues of law and fact;

Wherefore, premises considered, defendant prays the court to proceed immediately on the filing hereof to arraign him in this cause, to accept his said plea

of guilty and waiver of trial by jury, to enter judgment thereon, and having entered the same, to immediately sentence him in the manner provided by law, waiving for said purpose every provision of law the effect of which would delay or arrest entry of judgment of [sic] imposition of sentence herein.

■ Appellant contends that his waiver of attorney was involuntary because of threats allegedly made by the county attorney or his assistant. Waiver of counsel to be effective must be voluntary. *Webb v. State,* 533 S.W.2d 780, 785 (Tex.Crim.App. 1976). During the hearing on the motion to dismiss appellant testified that he signed the waiver out of fear of being held in contempt or of being sent to prison. Appellant alleged that the County Attorney and his assistant had threatened that appellant would be held in contempt of court if he refused to sign the waiver. This was controverted by the State. However, the assistant county attorney did recall that appellant was late for the plea hearing on January 21st. He remembered mentioning that the judge could hold him in contempt for being late to court.

The assistant county attorney testified that he explained the waiver of attorney form to appellant, who asked no questions and did not claim indigency. Both officials testified that they had not done anything to coerce appellant to sign the waiver of attorney. The trial judge was the finder of facts at the pretrial hearing and as such was the sole judge of the credibility or relative credibility of the witnesses as well as other contested fact issues, and the trial court's fact findings should not be disturbed on appeal. *Faulder v. State,* 611 S.W.2d 630, 635 (Tex.Crim.App.1979), *cert. denied,* 449 U.S. 874, 101 S.Ct. 215, 66 L.Ed.2d 95 (1980). *McKittrick v. State,* 541 S.W.2d 177, 184 (Tex.Crim.App.1976).

The record reflects that appellant chose to conclude the misdemeanor DWI case by pleading guilty and receiving a probated sentence. The evidence at the pretrial hearing reflected that at the time he signed the waiver of attorney he was represented by retained counsel in other pending crimi-

nal actions. Appellant made no claim of indigency. Further, appellant's knowledge of the importance of legal representation in these other actions would be a factor in the trial court's determination that he did make an intelligent, knowing, and voluntary waiver of his right to appointed counsel.

 In addition, the guilty plea in the disputed case was the result of a plea bargain in November. When appellant returned to court in January to enter his plea, he, the court, and the county attorney all knew he would not be imprisoned. They all knew beforehand that probation would be granted. Actual imprisonment has been adopted by the United States Supreme Court as the line defining the constitutional right to appointment of counsel for indigent misdemeanor criminal defendants. The Sixth and Fourteenth Amendments to the United States Constitution require only that no indigent criminal defendant be sentenced to a term of imprisonment unless the State has afforded him the right to assistance of appointed counsel in his defense. *See, Scott v. Illinois*, 440 U.S. 367, 373–74, 99 S.Ct. 1158, 1162, 59 L.Ed.2d 383 (1979). Moreover, in *Argersinger v. Hamlin*, 407 U.S. 25, 37, 92 S.Ct. 2006, 2012, 32 L.Ed.2d 530 (1972) it was held:

> [A]bsent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial.

Therefore, in the present case, the challenged conviction is not void for the purpose of providing the basis of the felony indictment. The point is overruled.

The judgment is affirmed.