Carl Everett HOSTETTER, Appellant,

v.

The STATE of Texas, Appellee.

No. 49740.

Court of Criminal Appeals of Texas.

Sept. 17, 1975.

Leland D. Sutton, Odessa, for appellant.

John H. Green, Dist. Atty. and Dennis Cadra, Asst. Dist. Atty., Odessa, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

DAVIS, Commissioner.

Our opinion on original submission is withdrawn and the following is substituted therefor.

Appeal is taken from a conviction for murder. Punishment was assessed by the jury at ten years.

 Appellant shot his wife, Thelma Christine Hostetter, on August 27, 1970. She died on August 29, 1970. Appellant's defense was insanity.[1]

---

1. This transcription of the court reporter's notes or the statement of facts consists of two volumes containing 595 pages. It does not even contain an index giving the names of the witnesses. Since there is no index, there is no mention of exhibits, where they were identified or admitted into evidence. Court reporters should at least prepare an index for the trial court and this Court to better review the record.

 Trial judges should require the proper preparation of the transcription of the court reporter's notes to prevent their being returned. We hope that it will not be necessary for rules to be adopted in regard to the preparation of the court reporter's part of the record for appeal.

 For examples of good records of the transcription of the court reporter's notes, see *Washington v. State*, 518 S.W.2d 240 (Tex. Cr.App.1975), and *Yates v. State*, 509 S.W.2d 600 (Tex.Cr.App.1974).

Appellant contends that the trial court erred in allowing the witness Dr. James H. Kreimeyer to testify that his colleagues at the Big Spring State Hospital agreed with his diagnosis of appellant's mental condition over the objection that same was inadmissible hearsay testimony.

Appellant argues that he timely objected when such testimony was offered and urges that the subsequent admission of the doctor's diagnosis without objection did not render the opinion of other persons admissible.

The record reflects that the following occurred during direct examination of Dr. Kreimeyer by the prosecutor.

"Q. Okay. After you tested and examined [appellant] and went through your procedures down there for evaluation did you present this to a board down there that you have?

"A. Well, our staff meeting, medical staff and consultant psychiatrists from Midland and some of the social workers, psychologists, present a case and see if we are in agreement.

"Q. And you did this in this case?

"A. I did.

"MR. SUTTON: If the Court please, that is certainly hearsay as far as this Defendant is concerned. I thought they brought Dr. Kreimeyer here to testify to his mental condition.

"THE COURT: I will overrule your objection.

"MR. SUTTON: Note our exception.

"Q. Did you present it to the board?

"A. I did, sir.

"Q. What was the composite opinion of the board?

"A. They agreed with my diagnosis of passive-aggressive personality disorder, episodic excessive drinking and—

"MR. SUTTON: Now, if the Court please, there is not one iota of evidence in this record about this man's drinking habits. If the doctor is permitted to testify to it, it is the rankest kind of hearsay and is inadmissible evidence.

"THE COURT: Part of the diagnosis.

"Q. I will ask the question that way. Did you diagnose on him that he had chronic alcoholism when he was down there?

"A. Episodic excessive drinking.

"Q. Episodic?

"A. Yes, sir, and mild drug dependency, of a very mild tranquilizer."

Dr. Kreimeyer concluded that "In my opinion he [appellant] was legally sane. That is he knew right from wrong, the nature and consequences of his act."

We agree that the admission of testimony by Dr. Kreimeyer regarding his diagnosis of "episodic excessive drinking" without objection did not constitute a waiver of appellant's objection to the testimony of Dr. Kreimeyer that the board agreed with his diagnosis.

In *Schooler v. State,* 175 S.W.2d 664 (El Paso Ct. of Civ.App., 1943), relied on by the State, it was held that in condemnation proceedings testimony of geologists to value of minerals, though based in a large part on geological reports made by others, was admissible. The Court noted that it was analogous "to the diagnosis by a physician based in part on unsworn reports of *tests* made by hospital technicians." (Emphasis supplied)

In *Birdsell v. United States,* 346 F.2d 775 (5th Cir., 1965), also cited by the State, it was stated:

"This Court has held that opinions as to sanity contained in hospital records are not admissible under the Business Records Act, 28 U.S.C. § 1732, and that such an opinion is receivable only if the expert rendering it is made available for cross-examination. *England v. United*

*States,* 174 F.2d 466, 468–469 (5 Cir. 1949); *Mullican v. United States,* 252 F.2d 398, 404 (5 Cir. 1958). But that does not mean that the records of a hospital performing psychiatric investigations with respect to the symptoms recounted by the subject or the results of recognized psychological tests stand differently under the Business Records Act than do similar data concerning other forms of illness, . . ."

In the remaining case cited by the State, *United States v. Williams,* 447 F.2d 1285 (5th Cir., 1971), it was held that an expert witness can express an opinion as to value even though his opinion is based in part or solely upon hearsay sources.

The opinion in *Birdsell* appears to be adverse to the State's position, the Court stating that opinions as to sanity in hospital records are inadmissible. The instant case is even a step further removed for there is no suggestion that the "opinion of the board" expressed by the doctor came from such a record. While it is true that the doctor did not testify as to the board's opinion as to appellant's sanity, he did testify that the board agreed with his diagnosis of "passive-aggressive personality disorder, episodic excessive drinking, . . ." It is logical to conclude that such opinion was consistent with the doctor's conclusion that appellant was "legally sane."

Clearly, the doctor was not expressing an opinion based on tests and findings by the members of the board, but was stating that the members of the board agreed with his diagnosis.

■ The right to cross-examine witnesses is implicit within the right to confrontation provided by the Sixth Amendment to the Constitution of the United States as applied through the Fourteenth Amendment. *Chambers v. Mississippi,* 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973).

The right to confront and cross-examine witnesses has also been held to be essential to due process and a fair trial within the provision of the Fourteenth Amendment to the Constitution of the United States. *In re Oliver,* 333 U.S. 257, 68 S.Ct. 499, 92 L.Ed. 682 (1948).

■ As was noted by this Court in *Coulter v. State,* 494 S.W.2d 876, if the rights of confrontation and cross-examination were absolute, none of the exceptions to the hearsay rule would apply in criminal cases. While we recognize, as was stated in *Coulter,* that in almost every criminal case evidence is properly admitted under one of the exceptions to the hearsay rule, we do not find the complained-of testimony in the instant case to fall within any of the exceptions.

We next look to see if the error in admitting such evidence was so harmful to appellant as to require reversal.

Appellant's only defense was that he was insane at the time of the commission of the crime charged in the indictment. Appellant offered the testimony of a clinical psychologist that he was insane at the time of the act. In addition, appellant offered lay testimony of relatives to support this defense, and appellant testified that he did not recall any of the events surrounding the shooting of his wife.

The State controverted the evidence of insanity presented by appellant with the testimony of Dr. Kreimeyer and the lay testimony of a deputy sheriff.

The complained-of testimony of Dr. Kreimeyer that the board which was composed of "medical staff and consultant psychiatrists from Midland and some of the social workers, psychologists" agreed with his diagnosis clearly bolstered the doctor's testimony relative to his diagnosis and was so harmful to appellant as to require reversal of the conviction.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.