**Leethard Talley DAVIS, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 11–84–092–CR.**

Court of Appeals of Texas,
Eastland.

April 4, 1985.

Rehearing Denied April 25, 1985.

C.R. Kit Bramblett, Bramblett & Bramblett, El Paso, for appellant.

Steven W. Simmons, Dist. Atty., El Paso, for appellee.

ON STATE'S MOTION FOR
REHEARING

PER CURIAM.

The State has now brought to this Court's attention the fact that appellant did

not give timely notice of appeal. We dismiss the appeal.[1]

 Appellant gave oral notice of appeal in open court at the time he was sentenced on April 29, 1983. The record also shows that, later on that same day, appellant attempted to withdraw the oral notice of appeal by an oral announcement in open court (in order to receive the additional time for preparation of the record which is automatically allowed by filing a motion for new trial). The oral attempt to withdraw the notice of appeal was ineffective. TEX.CODE CRIM.PRO.ANN. art. 44.08(a) (Vernon Supp.1985) allows an oral notice of appeal, but it requires that a withdrawal of the notice of appeal "shall be in writing, signed by the defendant, and filed in duplicate with the Clerk of the Court of Appeals."

However, the filing of the motion for new trial automatically invalidated the original notice of appeal. The Court of Criminal Appeals stated in *Ex parte Drewery*, 677 S.W.2d 533 at 536 (Tex.Cr.App. 1984):

> This Court has repeatedly held that a notice of appeal which was filed prior to the overruling of a motion for new trial was untimely or *prematurely filed and* as such was *ineffective.* (Emphasis added)

Appellant's motion for new trial was timely filed on May 26, 1983. The motion for new trial was overruled by operation of law on July 13, 1983 (75 days after the date of sentencing). See TEX.CODE CRIM.PRO. ANN. art. 40.05(c) (Vernon Supp.1985). Notice of appeal was due to be filed on or before July 28, 1983. See TEX.CODE CRIM.PRO.ANN. art. 44.08(b) (Vernon Supp.1985) which requires that: "Notice of appeal shall be filed within 15 days after overruling of the motion or amended motion for new trial." Consequently, the written notice of appeal which was filed on July 29, 1983, came one day too late [unless the concurring opinion in *Drewery* is

adopted by a majority of the Court of Criminal Appeals]. There was no request for permission to file a late notice of appeal pursuant to TEX.CODE CRIM.PRO.ANN. art. 44.08(e) (Vernon Supp.1985). Since a timely notice of appeal is essential to confer jurisdiction upon this Court, the appeal must be dismissed.

The State's Motion for Rehearing is granted, our prior opinions are withdrawn, and the appeal is dismissed.

---

1. This appeal was transferred from the El Paso Court of Appeals to this Court on April 17, 1984, pursuant to TEX.REV.CIV.STAT.ANN. art. 1738 (Vernon Supp.1985).