**Leethard Talley DAVIS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 580–85.**

Court of Criminal Appeals of Texas, En Banc.

June 11, 1986.

C.R. Kit Bramblett, El Paso, for appellant.

.Steve W. Simmons, Dist. Atty. and Robert Dinsmoor, Asst. Dist. Atty., El Paso, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

WHITE, Judge.

After a plea of not guilty, appellant was convicted by a jury of attempted murder. V.T.C.A., Penal Code Sec. 19.02(a)(1); Sec. 15.01(a). The jury assessed his punishment at seven years' confinement in the Texas Department of Corrections. Appellant's conviction was affirmed by the Eastland Court of Appeals after the appeal was transferred from the El Paso Court of Appeals. *Davis v. State*, unpublished (No. 11–84–00092–CR, Tex.App.—Eastland, January 24, 1985). Later, on appellant's motion for rehearing, the conviction was reversed by the Eastland Court of Appeals, and the case was remanded to the trial court for a new trial. *Davis v. State*, unpublished (No. 11–84–00092–CR, Tex.App. —Eastland, February 28, 1985).

The State then filed a motion for rehearing, contending that appellant had failed to file a timely notice of appeal. The Eastland Court of Appeals agreed and withdrew both of its prior opinions. After holding that "a timely notice of appeal is essen-

tial to confer jurisdiction upon" them, the Court of Appeals dismissed appellant's appeal. *Davis v. State*, 688 S.W.2d 702 (Tex. App.—Eastland, 1985).

This Court granted the appellant's petition for discretionary review to determine if the Court of Appeals erred in dismissing the appellant's appeal. We find that the Court of Appeals did err.

The record shows that on April 29, 1984, after the verdict of the jury was read, the trial court formally sentenced the appellant and set his appeal bond at $21,000.00. Appellant then gave oral notice of appeal in open court. Later that day, after the jury was dismissed, counsel for appellant orally withdrew his notice of appeal. The record does not show that this withdrawal of notice was reduced to writing, signed by the appellant or filed in duplicate. The record also fails to indicate whether the appellant was present in court when the withdrawal of notice was made.

The Court of Appeals found that this oral attempt to withdraw notice of appeal was ineffective because it failed to meet the requirements of Art. 44.08(a), V.A.C.C.P.[1]

But the Court of Appeals also decided that "the filing of the motion for new trial automatically invalidated the original notice of appeal." *Davis*, supra, at 703. After the motion for new trial was overruled by operation of law, appellant filed a written notice of appeal which was one day late. The Court of Appeals decided this was untimely, did not comply with Art. 44.08(b), V.A.C.C.P.[2] and failed to confer jurisdiction over appellant's appeal upon that Court. *Davis*, supra.

This issue has been recently decided by this Court in *Panelli v. State*, 709 S.W.2d 655 (Tex.Cr.App.1986). We held there was no conflict between Art. 44.08(b), supra,

---

1. Art. 44.08(a) reads, in pertinent part:
   "... The withdrawal shall be in writing, signed by the defendant, and filed in duplicate with the clerk of the court of appeals in which the appeal is pending, who shall immediately forward the duplicate to the clerk of the trial court in which the notice of appeal was filed or given...."

2. Art. 44.08(b) reads:
   "Notice of appeal shall be filed within 15 days after overruling of the motion or amended motion for new trial and if there be no motion for new trial and if there be no motion or amended motion for new trial, then within 15 days after sentencing."

and Tex.R.Civ.P. 306c, which states that notice of appeal will be effective even if given prematurely. We added that premature notice of appeal will confer jurisdiction on the Court of Appeals.

Pursuant to the holding in *Panelli,* supra, appellant's oral notice of appeal, although premature, was sufficient to confer jurisdiction in this appeal upon the Eleventh Court of Appeals.

The judgment of the Court of Appeals is reversed, and the cause is remanded to that Court for consideration of appellant's grounds of error.

TEAGUE, J., dissents.