Leethard Talley DAVIS, Appellant,

v.

STATE of Texas, Appellee.

No. 11–84–092–CR.

Court of Appeals of Texas, Eastland.

April 30, 1987.

Rehearing Denied May 28, 1987.

C.R. Kit Bramblett, Bramblett & Bramblett, El Paso, for appellant.

Steven W. Simmons, Dist. Atty., El Paso, for appellee.

## ON REMAND

DICKENSON, Justice.

The jury found that Leethard Talley Davis was guilty of attempted murder,[1] rejected his application for probation, and assessed his punishment at seven years confinement.[2] We affirm the conviction.[3]

This case was originally affirmed on January 24, 1985 [not published], because the record did not show that appellant's lawyer requested the medical witness to remain present for further cross-examination after the complaining witness appeared in court. Appellant's motion for rehearing was granted, and the conviction was reversed on February 28, 1985 [not published], when it appeared that the El Paso Court of Appeals had granted an extension of time for filing a bill of exceptions and that the bill was "deemed approved without qualification" because it had not been acted upon by the district judge. The State's motion for rehearing was granted, and the appeal was dismissed on April 4, 1985 [published at 688 S.W.2d 702], when it appeared that the notice of appeal was premature and, therefore, ineffective. The Court of Criminal Appeals granted appellant's petition for discretionary review because it decided a case [while the petition for review was pending] which held that a "notice of appeal will be effective even if given prematurely," remanding the cause to this Court for consideration of appellant's grounds of error. See *Davis v. State*, 717 S.W.2d 343 (Tex.Cr.App.1986).

This Court then wrote an opinion on remand, dated November 6, 1986 [not published], reversing the conviction and remanding the cause to the trial court. The State's motion for rehearing was granted, and the appeal was abated on December 4, 1986 [not published], with instructions: that appellant present his formal bill of exceptions to the district judge within 15 days for action pursuant to TEX.R.APP.P. 52(c); that the district clerk file a supplemental transcript within 30 days after the bill was allowed, corrected, or refused; that appellant could file a supplemental brief within 30 days after the trial court's action on the bill; and that the State's reply brief would be filed within 25 days thereafter. The supplemental transcript and the post-submission briefs have now been filed and considered.

There is no challenge to the sufficiency of the evidence. Appellant originally briefed two points of error, arguing that

---

1. Attempted murder is a felony of the second degree. See TEX.PENAL CODE ANN. sec. 19.02 (Vernon 1974) and TEX.PENAL CODE ANN. sec. 15.01 (Vernon Supp.1987).

2. TEX.PENAL CODE ANN. sec. 12.33 (Vernon 1974) provides that the punishment for a second degree felony is confinement for not less than two nor more than twenty years. In addition to

confinement a fine of not more than $10,000 could also have been imposed.

3. This appeal was transferred from the El Paso Court of Appeals to this Court on April 17, 1984, pursuant to TEX.REV.CIV.STAT.ANN. art. 1738, now codified as TEX.GOV'T CODE ANN. sec. 73.001 (Vernon Pamph.1987).

the trial court erred: (1) in denying him the opportunity for full and complete cross-examination of Dr. Francisco J. Guerra; and (2) in denying his motion for mistrial based upon the unavailability of Dr. Guerra for further cross-examination after the State rested and during the presentation of appellant's case. The post-submission brief presents a third point by which appellant argues that the trial court erred: (3) in refusing his bill of exception.

There was a sharp conflict in the testimony as to whether appellant was acting in self-defense at the time complainant was shot. Earlier in the evening of January 7, 1983, appellant and complainant had an argument over a bar stool. Both had been drinking. According to appellant, the complainant and his friend flagged appellant down as he was on his way home. Appellant said that he grabbed his gun and fired in self-defense after complainant fired the first shot. Appellant said the complainant was facing him when appellant's first shot was fired and that his second shot was fired as complainant spun around. Complainant and his friend deny having any guns. Their testimony indicates that appellant pulled up behind them and flashed his lights, and they pulled over to the side and got out of the pickup to see what he wanted. Their testimony indicates that appellant opened fire and shot complainant in the back twice as he attempted to run away.

Dr. Guerra testified that the entry wounds were in complainant's back and that the exit wounds were in the front. This testimony was damaging to appellant's claim that he fired in self-defense.

First, we note that appellant's bill of exceptions was refused by the district judge, and our review of Points of Error Nos. 1 and 2 will be based upon the statement of facts without reference to the bill of exceptions. Dr. Guerra testified on April 27, 1983, during the State's case. He is a medical doctor who is in family practice in El Paso, Texas. He was on duty at the emergency room on January 8, 1983, at 3:00 A.M. when the Dell City Ambulance brought a gunshot victim for treatment. He examined the patient at that time, and he expressed his opinion to the jury that the entry wounds were on the patient's back and that the exit wounds were in the front. Dr. Guerra was cross-examined at length. After defense counsel passed the witness, the State had nothing further, and the district judge asked if the doctor could be excused to go back to work. The statement of facts then shows:

DEFENSE COUNSEL: Your honor, I would request that the Doctor look at the patient,[4] so that he can refresh his memory as to where those bullets are.

THE COURT: Recess time. Five minutes, ladies and gentlemen. (Whereupon the jury left the courtroom at 9:13 a.m. and discussion was held off the record and outside the hearing of the jury; thereafter, at 9:28 a.m. the following was made of record outside the presence and hearing of the jury.)

\* \* \* \* \* \*

DEFENSE COUNSEL: I understand the Court has released the Doctor to leave Sierra Blanca, without him having a further opportunity to view Mr. Copeland (the patient about whom Dr. Guerra testified) and to testify. And I want to object to him being released without having had an opportunity to see Mr. Copeland and testify.

THE COURT: Thank you. Who is your next witness, Mr. Roepke.

After completion of the State's case and also after the defense witnesses had testified, the statement of facts reflects the following on April 28:

DEFENSE COUNSEL: I would recall Dr. Francisco Guerra.

THE COURT: Is he here?

DEFENSE COUNSEL: He is under subpoena, Your Honor. I have not seen him here.

---

4. The statement of facts shows that the patient testified on April 26 and was then excused without objection. Appellant did not ask him to come back the next day for the purpose of having Dr. Guerra look at the scars where the bullet wounds had been, and he was not in Sierra Blanca on the morning of April 27 when Dr. Guerra testified.

THE COURT: Is Dr. Guerra here?

THE BAILIFF: No, sir. He is not.

THE COURT: Have you talked to him today?

DEFENSE COUNSEL: The Court will remember that I put on the record that I wanted to have him back here today, that I did not excuse him. I was relying on the State's Attorneys at the beginning of trial.

THE COURT: I don't recall that.

PROSECUTOR: The State's position is he did not do so. He put on the record that he wanted David Copeland back, not the doctor to be here. The doctor was excused by this Court without objection from either side.

After the motion for mistrial was taken under advisement, jury arguments were made on the issue of guilt.

■ Both of the original points of error are overruled. Appellant failed to secure a ruling on April 27 to his objection to the doctor being released "without having had an opportunity to see Mr. Copeland and testify." If appellant's counsel had pursued the matter at that time, he would have known that he needed to issue another subpoena for the doctor to be present on April 28 in order to look at the scars on his former patient[5] and answer further questions on cross-examination. The trial was in Sierra Blanca, and the doctor's office was in the adjacent county. Moreover, the record does not show that the trial court denied appellant the "opportunity for full and complete cross-examination" of Dr. Guerra. Defense counsel had passed the witness before he was released from subpoena by the district judge. The subpoena in question had been issued by the State, and the State had advised the court that it had nothing further from Dr. Guerra. The trial court did not abuse its discretion in releasing this doctor so that he could return to work. Appellant's actual objection was not urged until after the doctor had left the courthouse. See *Toler v. State*, 546 S.W.2d

290 at 295 (Tex.Cr.App.1977), which makes it clear that (1) even if the cross-examination is limited, nothing is presented for review if there is no proof of what the testimony would have been; and (2) the scope of cross-examination is within the control of the trial judge in the exercise of his sound discretion.

None of the four cases cited by appellant would justify a reversal. Appellant's most recent case, *Craig v. State*, 594 S.W.2d 91 (Tex.Cr.App.1980), first notes that the trial court was "clearly in error in refusing to permit" appellant to recall a State's witness for further cross-examination but then added "the error will not call for reversal if the bill of exception fails to show what the defendant expected to prove by his cross-examination." Here, the bill of exception was refused by the district judge, and the statement of facts contains no proof of what the testimony would have been. Appellant's second case, *Hostetter v. State*, 527 S.W.2d 544 (Tex.Cr.App.1975), dealt with a situation where the State bolstered its psychiatrist's testimony by his testimony that "his colleagues at the Big Spring State Hospital agreed with his diagnosis" over the objection that this was hearsay testimony as to the opinions of those colleagues. Appellant's third case, *Evans v. State*, 519 S.W.2d 868 (Tex.Cr.App.1975), concerned a situation where the cross-examination of the State's material witness was improperly restricted as to proof of bias, prejudice, and motive inasmuch as the jury was not permitted to know that the witness admitted that he harbored a dislike for defendant and that the witness was under a felony indictment which gave him a motive for helping the State. Appellant's final case, *Coulter v. State*, 494 S.W.2d 876 (Tex.Cr.App.1973), involved the business records exception to the hearsay rule where marihuana was placed into an envelope and the chemists who placed their initials on the envelope were not available as witnesses at the time of trial.

---

5. During oral submission this Court was told by the State's attorney that a Texas Ranger was sent to bring David Copeland back to Sierra Blanca, and the statement of facts shows that he was recalled for further cross-examination on the afternoon of April 27 and that his scars were shown to the jury.

■ The third point of error is overruled. We find that the trial court did not err in refusing to allow appellant's formal bill of exception.[6] TEX.R.APP.P. 52(c)(8) provides that if a party is not satisfied with the trial court's ruling, the truth of the bill shall be determined from the affidavits [not exceeding five in number on each side]. Appellant's affidavits may be summarized as shown:

1. Pilar West, County Treasurer of Hudspeth County, swears that she was present at the trial of Leethard Talley Davis and that the bill of exceptions filed by Mr. Davis is true and correct.

2. Pat Shea was present at the trial of Leethard Talley Davis in April of 1983 and says that the bill of exceptions filed by Mr. Davis is exactly right and correct.

3. Frank McCoy was at the trial of Leethard Talley Davis in April of 1983 and says that the bill of exceptions signed by Mr. Bramblett on behalf of Leethard Talley Davis is true and correct.

4. Kathleen Foreman was in Sierra Blanca when the trial of Leethard Talley Davis took place in April of 1983 and says that the bill of exceptions filed by Mr. Bramblett is correct and that it tells exactly what happened.

5. Bonnie Lou Larreau says that she was at the trial of Leethard Talley Davis in April of 1983 and that the bill of exceptions filed by Leethard Talley Davis is true and correct.

The State's controverting affidavits may be summarized as shown:

1. Thomas C. Roepke, the prosecutor, states that he was present during the entire trial and that Mr. Davis' bill of exceptions is untrue. The first time that the defense voiced any objection to Dr. Guerra's excusal was at the time the defense attempted to recall Doctor Guerra to the stand [on the following day]. Further, Roepke swears that two of appellant's affiants, Shea and McCoy, were not present in the courtroom because the "rule" had been invoked. Also, that Pilar West was not present during the entire trial and that Pat Shea's reputation for truth and veracity is bad.

2. Dr. Francisco Guerra, the witness whose further cross-examination is in issue, testified in his affidavit that the defense did not object to his being excused or request that he be subject to recall. At no time was he requested by the defense to remain at trial or be subject to recall and that he remained in the courthouse after testifying while arranging payment for his travel expenses.

3. Ruben Tellez, the bailiff, testified by affidavit that the defense did not request that Dr. Guerra be subject to recall and that no objection was made to Dr. Guerra being excused until the defense attempted to recall Dr. Guerra [on the next day].

Appellant subsequently filed an affidavit from Ralph Perez, Deputy Sheriff, which states that after Dr. Guerra testified, and while he was standing in the hall outside

---

**6.** The tendered bill of exceptions alleges:

Comes Now, LEETHARD TALLEY DAVIS, Defendant in the above entitled and numbered cause and files this Bill of Exception. Let it be remembered that during the course of the trial, a Doctor testified as an expert witness regarding the location of entrance and exit wounds on the victim's body and gave his opinion as to angle of fire. The victim and complaining witness was not present at that time, whereupon Defendant requested the witness Doctor remain present, subject to recall for further cross-examination when the complaining witness and victim was present. On later attempting to recall the witness Doctor, said witness was not present, having been excused by the Court despite Defendant's request and objection.

Defendant expected to show by the further examination of the witness, with the presence of

the victim, that the witness's recollection of the bullet wound locations on the victim's body, based on a short exam of the victim approximately (1) one year previously [the trial was 3 months, 19 days after the shooting], was not in accordance with the actual locations and therefore that his opinion as to trajectory and direction of travel was not based on accurate information; that had the victim been present, with accurate information available to the Doctor, he would have testified differently regarding which direction the bullet entered and exited victim's body, what course of trajectory relative to the ground the bullet followed; all of which would have tender (sic) to corroborate Defendant's version of the facts, and contradicted the complaining witness's testimony.

the courtroom talking to the district attorneys and the Judge, he heard Kit Bramblett tell them that he would not agree to release the doctor. While this affidavit does not comply with Rule 52(c)(8) [since it was not timely and was in excess of the five affidavits permitted by the rule], it has been considered. We hold that our determination of the truth of the tendered bill of exceptions from the controverting and supporting affidavits is that the district judge did not err in refusing the tendered bill. We note that Judge Sam Paxson stated in his refusal of the tendered bill:

> After Dr. Guerra had been subjected to direct and cross-examination by the parties involved, Dr. Guerra was excused by the Court and permitted to leave. Neither before, at, nor within a reasonable period after the time Dr. Guerra finished testifying and was excused by the Court did the defendant request the Court that Dr. Guerra remain present. Neither before, at, nor within a reasonable period after the time Dr. Guerra finished testifying and was excused by the Court did the defendant request the Court that Dr. Guerra be subject to recall for further cross-examination. Neither at the time nor within a reasonable period after the time the Court excused Dr. Guerra did the defendant lodge any objection with the Court as to the excusal of the doctor/witness.

We also note that the affidavit from Dr. Guerra which was attached to Judge Paxson's refusal of the tendered bill states:

> [M]y testimony would not have changed even if I had seen the wounds [scars] of Mr. David Copeland [complainant] at the time of the trial. I testified according to my medical reports made at the time of my examination of Mr. Copeland [on the night of the shooting] and according to my initial evaluations.

The judgment of the trial court is affirmed.

ARNOT, J., not participating.